The opinion of the Court was drawn up by
Rice, J.
Debt on a collector’s bond. The bond, the execution of which does not seem to have been contested, bears date August 15, 1854, and, among other things, recites that, "whereas the said Lorenzo W. Moan was duly chosen collector of taxes for the year next ensuing, and make up his collections complete.
" Now if the said Lorenzo W. Moan shall faithfully discharge his duty as collector, and pay in to the treasurer named in his warrant from the assessors, the sums therein nimed, at the, times specified, then this obligation to be void.”
Evidence was also introduced by the plaintiffs, tending to show that a warrant, purporting to have been issued by the fssessors, was put into the hands of the collector, containing t list of the state, county and town taxes, amounting m the iggregate to $1577,69. The record of the assessment was lated June 10, 1854.
Here the plaintiffs stopped, the Court ruling, against the objections of the 'defendants, that a prima facie case had been made for the plaintiff's. It may well be doubted, had *352 the case rested here, whether the action could have been maintained. The plaintiffs had then shown no money in the hands of the collector which had been paid voluntarily by the citizens; nor had they shown that he had been furnished with such a warrant as would authorize him to enforce the collection of taxes. To render him liable upon his bond for omitting to act, they must show that he had been armed with a legal warrant, by which collection could be enforced. When they rested their case, they had done neither that nor shown money in his hands.
The defendants, however, being under no legal compulsion to move, having had no testimony excluded, voluntarily introduced testimony by which it appeared that Moan had, as matter of fact, received the- bills of assessment and had proceeded and collected large sums of money thereon, by the voluntary payments of the citizens, which he contended had been duly accounted for with the town. This’ presented the parties in a new attitude. The question now presented was, whether the money thus voluntarily paid by ■the citizens in discharge of their taxes, had been paid over according to the conditions of the bond. On this point the case finds there was testimony on both sides. And the' Judge, in view of that evidence, instructed the jury that, if the tax payers voluntarily paid their taxes to the collector, he is bound to pay the treasurer de facto the sums collected, and that they should look at the town records, the treasurer’s book containing the account with Moan, the evidence of Saunders, Calkins and Moan, and judge whether there was anything due on the bond; and, if anything,- how much ?
This instruction, in view of the whole evidence, is unobjectionable.
But it is contended that the proceedings of the town weie irregular, informal and illegal. This is manifestly true. It is not often that such a medley of irregularities are exhibited in the proceedings of our municipal corporations. Bu!; the question is, are these irregularities of such a character as *353 to exonerate the defendants from paying over money which they have collected by virtue of those proceedings, from the citizens, and to which they have no title, equitable or legal? The authorities, as well as every moral principle, negative such a proposition. Ford v. Clough, 8 Maine, 334; Johnson v. Goodrich, 15 Maine, 29; Kellar v. Savage, 20 Maine, 199 ; Orono v. Wedgewood, 44 Maine, 49.
But, again, it is said that the bond itself is void, being so vague, indefinite and uncertain that no legal rights or liabilities can be predicated upon it. That the bond is inartificially drawn is manifest; but we think it contains elements sufficient to give it force and validity, especially when taken in connection with the tax bills and other evidence in the case. It bears date Aug. 15, 1854, and recites that Moan was duly chosen collector of taxes for the year next ensuing. The tax bills bear date in 1854, and this evidence tends to show that he was elected in 1854. He also collected the tax of that year. The bond, therefore, must be deemed to have reference to the municipal year 1854. By the terms of the bond he was " faithfully to discharge his duty as collector.” This required him to pay over the money which the actually collected, and which in equity and good conscience belonged to the town. The defence is technical in its character, and though the defects in the proceedings of the town are numerous, they are not of such a character as will authorize the defendants to take refuge behind them and thereby enable their principal to hold money to which he is not entitled. There is no evidence that the bond has been altered since its execution. Indeed that ground of defence as contained in the specifications has been erased.
Exceptions overruled. — Judgment on verdict.
Tenney, C. J., Appleton, Cutting, May and Kent, JJ., concurred.