THE STATE, DAVID HARVEY, JR., RELATOR, v. FRANK P. PHILBRICK, TREASURER, &c.

If *de facto* officers of a municipality, being the governing body, contract a debt on behalf of the municipality, pass the claim and order the treasurer to pay the bill, and the treasurer, having funds of the municipality, refuses to pay upon presentation of the order duly signed, *mandamus* against the treasurer is the proper remedy to compel payment.

---

On motion for *mandamus.*

Argued at November Term, 1886, before Justices REED, MAGIE and PARKER.

For the relator, *D. Harvey, Jr.*

*Contra, R. Ten Broeck Stout.*

The opinion of the court was delivered by

PARKER, J. The following facts appear in the written agreement of the counsel for the respective parties, viz. :

1. That the "borough commission of Ocean Beach was incorporated under the laws of the State of New Jersey, entitled "An act for the formation of borough commissions," approved March 7th, 1882, and the supplements thereto.

2. That an election for seven commissioners and other officers of said borough was held on May 12th, 1886, and at such election such officers were elected.

3. That at such election Frank P. Philbrick was elected collector of said borough commission.

4. That said Frank P. Philbrick is still collector of said borough commission.

5. That the collector is, by virtue of the laws of New Jersey, entitled "An act providing for additional powers and certain changes in the government of certain localities governed by commissioners," passed April 17th, 1884, the treasurer of said borough.

6. That said borough commission is justly indebted to David Harvey, Jr., the relator, in the sum of $53.15; and that at a meeting of the commissioners, held on May 6th, 1887, it was resolved by said commissioners that said bill be passed and that an order be drawn upon the said treasurer for the amount thereof.

7. That an order was drawn upon said treasurer, under said resolution, in proper form, and signed by the president and secretary of the commission, which order was given to the relator.

8. That the relator presented said order to Frank P. Philbrick, treasurer as aforesaid, and he refused to pay the same, alleging, as the only reason for such refusal, that the borough of Ocean Beach was not legally organized, the Borough act being unconstitutional.

9. That there were, at the time of the presentation of said order to the said Frank P. Philbrick, treasurer as aforesaid, and now are, sufficient funds in the hands of said treasurer to pay said order.

Under this state of facts the relator prays that a writ of *mandamus* issue, directed to the said Frank P. Philbrick,

treasurer as aforesaid, commanding him to pay to said relator the amount of said order out of the funds in his hands as said treasurer upon presentation to him of said order.

The mere statement of the facts agreed upon by the respective counsel clearly shows that the *mandamus* should issue. It matters not whether the act authorizing the formation of borough governments be constitutional, or whether the government of the borough of Ocean Beach be properly organized under the act. The commissioners and treasurer were *de facto* officers. The commissioners contracted the debt and they had authority to audit the bill and direct its payment by the treasurer out of the funds of the borough in his hands.

The treasurer had no option. His duty was to pay the bill upon presentation to him of the order by the relator. Let the *mandamus* issue.