### JOHN E. PALMER ADS. CHARLES W. SANDERS.

In a landlord and tenant case, for removal, formal defects in the summons are waived by an appearance, adjournment on application of the tenant, subsequent trial and examination of witnesses, before objection is made.

On *certiorari* in landord and tenant case.

Argued at February Term, 1889, before Justices SCUDDER, DIXON and REED.

For the prosecutor, *Garret Berry.*   .

For the respondent, *T. N. Shafer.*

The opinion of the court was delivered by

SCUDDER, J.   The reasons assigned for reversal are, that the summons is defective in two particulars: First, it does not contain a full description of the premises.   The property claimed therein is called the "Sanders farm," in Woodbridge township.   In the oath in writing, made prior to the issuing of the summons, the premises claimed are particularly described by boundaries, giving the names of adjoining landowners and the number of acres of land, adding the special designation, " known as the Sanders farm."   If the farm have a name by which it is commonly known, it is sufficient to describe it by that name in the summons, stating the holding or possession of the defendant.

An action of ejectment may be maintained for land by its reputed name.   *Ad. Ej.* 23.   The object of the description is to inform the tenant and to enable the officer to deliver possession after judgment.   This is as well done, in some cases, by name and holding as by particular metes and boundaries.

The second objection is, that the oath is taken by Charles W. Sanders, Jr., agent for Charles W. Sanders, landlord, and the summons is issued to show cause why the possession of the premises should not be delivered to Charles W. Sanders, Jr. (agent), claiming the same.   This was a mistake of the justice of the peace who drew and issued the summons.   It was amendable by the record, without changing the oath of the person who made it, and without the production of evidence, and had the objection been made on the return of the summons, it would have been amended.   But this is now immaterial, for, on the return day of the summons, the defendant appeared, by his attorney, and asked for an adjournment,

which was granted. At that time no objection was made to the form of the writ, although the points of objection above stated were apparent on the face of the papers. It was not until the trial day, after the witnesses had all been called and examined, that the objection to the additions to the claimant's name, or the substitution of the agent's name for his, and the exception to the description in the summons were taken. It was then too late to take these exceptions, for they were waived by the appearance, informal pleading, and examination of witnesses. *Cornell* v. *Matthews*, 3 *Dutcher* 522 ; *Murat* v. *Hutchinson*, 1 *Harr.* 46; *Clifford* v. *Frankford*, 8 *Vroom* 152.

The writ will be dismissed, with costs, and the record remitted.