### MICHAEL McMAHON v. PATRICK O'BRIEN.

In landlord and tenant proceedings, a judgment in favor of the claimant regularly obtained will not be disturbed at the instance of a stranger to the proceedings whose only grievance is that the trial judge refused to adjourn the proceedings at his request, upon being informed that the prosecutor was in possession of the premises.

On *certiorari*.

Argued at November Term, 1895, before Justices GARRISON and LIPPINCOTT.

For the prosecutor, *John A. McGrath*.

For the defendant, *Willard C. Fisk*.

The opinion of the court was delivered by

GARRISON, J. By the return to this writ of *certiorari*, it appears that a landlord and tenant proceeding was instituted by Patrick O'Brien before the judge of a District Trial Court,

and a summons to show cause issued to and served upon Michael J. McMahon, demanding the possession of certain premises with respect to which the relation of the parties, as lessor and lessee, was established in the jurisdictional affidavit by a copy of a written lease.    Michael J. McMahon did not require the claimant to prove the facts that authorize the removal of a tenant, but one Michael McMahon, a different person and not a party to the proceeding, appeared by attorney and stated that he was in possession of the premises, and requested an adjournment.    Judgment for possession was entered in favor of the claimant, but a warrant of removal was not issued.    Whereupon Michael McMahon obtained this writ of *certiorari.*

It was the evident purpose of the prosecutor to raise here the construction of the District Court act (and, for that matter, of the Landlord and Tenant act) in cases where there is any person in possession of the demised premises other than the original lessee, and to discuss whether such person may lawfully be removed by a warrant issued in a proceeding to which he was not made a party.    No such question, however, is raised by the proceeding returned before us, which is simply a judgment for possession by a claimant upon undisputed facts entitling him to it.

The only grievance the prosecutor has, if we assume his right to be heard here, is that an adjournment was not accorded him, a matter of mere discretion where no special reasons exist, and one that cannot be taken advantage of by a volunteer who made no offer of proof to the court below of any state of facts that would, if established, permit him to intervene.    The depositions taken upon notice and annexed to the *certiorari* form no part of the return, and at most merely tend to vindicate the prosecutor's standing to sue out the writ.    From these affidavits it is to be gathered that the prosecutor sought to intervene, not merely because he was in possession, but because he had, as assignee of the term, made payments of rent under circumstances that constituted him the tenant, contemplated by the Landlord and Tenant act.

The situation thus presented would have differed essentially from that respecting which Mr. Justice Van Syckel spoke in *Brahn* v. *Jersey City Forge Co.*, 9 *Vroom* 74. There was, however, no offer before the District Court to prove this state of facts, and they are not even now in lawful proof before us.

The question must, therefore, be relegated to some occasion when it may legitimately be decided, merely guarding against any impression that it has been here met or passed upon.

No error appearing by the return before us, the writ is dismissed, with costs.