CARRIE NEWING, PLAINTIFF, v. PHEBE K. STILWELL, DEFENDANT AND PROSECUTOR.

Argued July 7, 1901—Decided November 11, 1901.

1. A description of premises which at common law would have been good in ejectment, is sufficient under the Landlord and Tenant act.

2. The requirement of the statute is complied with when there is in the description sufficient certainty to advise the tenant of the premises claimed, and the officer of the premises from which the tenant is to be dispossessed, if a writ shall issue for that purpose.

3. The description of a public hall or hotel by its reputed name, and as being upon a certain street in a certain city or town, is good.

4. The description of the premises in the affidavit in this case as "the westerly portion of the building known as 'Newings Hotel,' situate on Broadway, Long Branch City, in the county of Monmouth," is sufficient to comply with the statute.

On *certiorari* in matter of landlord and tenant.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutor, *Thomas P. Fay.*

For the defendant, *John W. Slocum.*

The opinion of the court was delivered by

FORT, J.   This writ brings up an order for dispossession in a summary proceeding under the Landlord and Tenant act.

Several reasons are assigned for vacating these proceedings, but one only is seriously relied upon.

If the justice of the peace has jurisdiction, then the *certiorari* must be dismissed. *Fowler* v. *Roe,* 1 *Dutcher* 549.

It is strenuously contended that the justice was without jurisdiction, because the affidavit upon which the summons was issued did not give a proper description of the premises.

The statute provides that in these proceedings oath, in writing, shall be made (among other things) "describing therein the premises claimed." *Gen. Stat., p.* 1918, § 12.

The affidavit before us says: "Phebe K. Stilwell is in possession of the westerly portion of the building known as 'Newings Hotel,' situate on Broadway, Long Branch City, in the county aforesaid."

It is this description which is alleged to be insufficient.

The statute is surely complied with when, in the description, there is a sufficient certainty to advise the tenant what premises it is which are claimed and the officer the premises from which the tenant is to be dispossessed, in case a writ issues for that purposes.

We have no case in point in our state.

It would seem that a description of premises which, at common law, would have been good in ejectment should be sufficient in proceedings under our Landlord and Tenant act.

The following descriptions were held sufficient in ejectment in the early cases:

A description of premises as the premises called the "Black Swan" is good, the description reduces it to the certainty of a dwelling-house. *Burbury* v. *Yeomans,* 1 *Sid.* 295.

For a place called "a passage room" is certain enough. *Bindover* v. *Sindercombe, Ld. Raym.* 1470.

So, also, "a room and a chamber in the second story." *Anonymous,* 3 *Leon.* 210.

So, also, "for part of a house in A" is sufficiently certain. *Sullivane* v. *Seagrave, Str.* 695.

So, also, is the description as "a certain place called the vestry." *Hutchinson* v. *Puller,* 3 *Lev.* 95.

A description of a piece of land known as "Felty's Fortune" was held sufficient, the court saying that ejectment may be maintained for land by its reputed name. *Fouke* v. *Kemps, Lessee,* 5 *Harr. & J.* 135.

Mr. Adams, in his work on *Ejectment,* after referring to many cases on this subject, says (at *p.* 23):

"With respect to the manner in which the disputed premises should be described in an ejectment no determined rule exists, nor is it easy to discover, from the adjudged cases, any principle which can guide us on the subject. It is very frequently said, in general terms, that the description shall be *sufficiently*

*certain,* but the degree of certainty required, particularly in the more ancient cases, seems to depend on caprice rather than on principle. * * * The degree of certainty formerly required was much greater than is now necessary, and it is not improbable that many of the old decisions would be overruled should they again come under the consideration of the courts."

Our own cases say that "an action of ejectment may be maintained for land by its reputed name." *Palmer* ads. *Sanders,* 22 *Vroom* 408.

The description in the case before us is the westerly portion of the building known as "Newings Hotel," situate on Broadway, Long Branch, &c., of which it is alleged the defendant is in possession.

There can be no uncertainty about that; no possible misconception on the part of the tenant. Nor do we think the officer would have difficulty in dispossessing in the case. He is to dispossess the defendant from the westerly portion of "Newings Hotel," *of which she is in possession.* If she is out of possession when the writ issues no service is required. The landlord, neither before nor after the order of dispossession, has any need of an officer to put him in possession of premises from which his tenant has removed. The description of a public hall or hotel by its reputed name, and as being upon a certain street, in a certain city or town, is good.

The record before us shows that the defendant appeared and contested the case, yet it does not show that objection was made because of the alleged insufficiency of the description of the premises. It is quite evident that the defendant knew what premises were intended by the affidavit.

This court has held that a description of premises in a summons, in a summary proceeding in tenancy, as a farm "known as the Sanders farm" is good. *Palmer* v. *Sanders, supra.*

We think the description here is of sufficient certainty to comply with the requirements of the statute, and the writ will be dismissed.