LEONARD MORELAND, PROSECUTOR, v. LENA ABBOTT STEEN, RESPONDENT.

Submitted July 6, 1916—Decided November 10, 1916.

1. Upon a *certiorari* to review a judgment of a District Court summarily dispossessing a tenant, the only question to be considered is whether the District Court had jurisdiction, and in considering this question the Supreme Court cannot review the findings of facts, but can only determine whether there was any evidence from which the jurisdictional facts might have been found.

2. The statute relating to tax sales (*Comp. Stat., p.* 5135, *pl.* 56) gives the holder of the certificate of sale the right to immediate possession of the property and to the rents and profits from the date of the certificate, but this does not prevent the landlord from bringing proceedings to dispossess the tenant for non-payment of rent accrued previous to the making of the tax certificate.

3. Judgment of dispossession in such case might result in turning the tenant out of possession, while the purchaser at the tax sale, who was not a party to the proceeding, would be entitled to possession rather than the landlord, but this difficulty can be met by controlling the writ of possession.

On *certiorari* to the Paterson District Court.

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutor, *Philip J. Schotland.*

For the respondent, *James F. Carroll.*

The opinion of the court was delivered by

SWAYZE, J.  The *certiorari* in this case brings up summary proceedings to dispossess a tenant.  The only question therefore before us is whether the District Court had jurisdiction. No objection is made to the affidavit on which the proceedings were based.  The objection is to the proof at the trial. In view of the limitation upon our power of review in cases of this character, the question is within very narrow limits. We cannot review the findings of fact by the trial judge; we can only . determine whether there was any evidence from which he might have found the existence of the jurisdictional facts.  No evidence is before us except a certificate of sale . for taxes, and there is no finding of facts or agreed state of the case.  The docket shows that the landlord's agent gave testimony and that the agreement was offered in evidence. We must therefore assume that the facts set forth in the landlord's affidavit were proved; otherwise the tenant would have moved to dismiss, and the District Court would not have proceeded to render judgment in favor of the plaintiff for possession.  This situation makes a *prima facie* case of jurisdiction and we must dismiss the *certiorari* unless evidence was introduced by the defendant of some new fact which demonstrates the want of jurisdiction.  The defendant relies on the certificate of the tax sale.  This certificate was made February 6th, 1915, and recorded as a mortgage April 6th, 1915.  The statute (*Comp. Stat., p.* 5135, *pl.* 56) gives the holder of the certificate of sale the right to the immediate possession of the property and to the rents and profits from and after the date of the certificate.  Apparently the prosecutor thinks it is conclusive against the landlord's claim that there was default in the payment of the rent, and as failure to prove this default would be a failure to prove a jurisdic-

tional fact, he claims that the judgment should be reversed. This is not so. The landlord alleged default in every month's rent beginning July 1st, 1914, and the District Court must have found there was such default since it retained jurisdiction of the cause. Payments to the purchaser at the tax sale might have been proper after February 6th, 1915, but this does not deprive the District Court of jurisdiction to proceed for the already existing default. It is possible that the result would be to turn the tenant out of possession while the purchaser at the tax sale, not a party to the proceedings, would be entitled to possession rather than the landlord. This difficulty is not a new one. We called attention to it in *Brahm* v. *Jersey City Forge Co.*, 38 *N. J. L.* 74, 80. The remedy is not by refusing to proceed to judgment, but by controlling the writ of possession in a proper case. In the present case it is not even suggested that the purchaser at the tax sale sought for any relief. Since the District Court had jurisdiction, the writ must be dismissed, with costs.