JAMES WEST, PROSECUTOR, v. ESSIE B. WILSON,
DEFENDANT.

Decided July 2, 1923.

**Landlord and Tenant—Certiorari to Review District Court
Judgment—Jurisdiction—Notice of Demand of Premises.**

On *certiorari*.

Before Justices TRENCHARD, PARKER and BERGEN.

For the prosecutor, *Eugene R. Hayne*.

For the defendant, *W. Holt Apgar*.

PER CURIAM.

The defendant was allowed a writ of *certiorari* to review
the judgment of a District Court in landlord and tenant
proceedings in favor of the landlord and against the tenant.

The only ground upon which such a writ will go in a
tenancy case is want of jurisdiction shown either in the
affidavit on which the summons is allowed, or in the proof
of jurisdictional facts. This record contains no evidence,
except some exhibits which do not appear to have been
proved or admitted in evidence.

The want of jurisdiction is urged because the notice to
quit was for the first day of the month while the term expired
on the last. There is nothing in this point, as tenant was
entitled to remain the entire month and not required to
vacate until the last day had passed, nor to give possession
until the first of the succeeding month.

The next point is that three days' notice of demand of
possession was not promptly served after termination of
tenancy, and did not specify the cause of the termination;
but this applies only where the sole reason for termination
is the disorderly conduct of tenant, which is not the ground
of this proceeding, which is expiration of term, and has no

application to this case. The prosecutor relies on chapter 340 of 1920; but that act is not constitutional where it affects the rights of landlords and tenants. *Zweig* v. *Tiffany,* 95 *N. J. L.* 45.

The argument that the landlord must perfect his right between April and October and that as the last notice (three days) was served after October first, the landlord's right to possession was not perfected before October first has no force, as the tenant's right to such a demand notice does not apply here, as the landlord had perfected his right to terminate the tenancy when he gave the three months' notice.

The writ will be dismissed, with costs.