LESTER F. HILYARD AND EDNA M. HILYARD, PROSECUTORS, v. KATIE HEINZER, RESPONDENT.

Argued January 6, 1925—Decided March 26, 1925.

Landlord and Tenant—Termination of Lease—Dispossession—Lessee Claimed Right to Extension of Lease Under Its Terms—This Constituted Question of Fact—Apparently There Was No Right—On a Review of a Summary Proceeding So Instituted, Where Jurisdictional Affidavit is Sufficient, the Only Matter for Determination is Whether the Landlord Produced Any Evidence Tending to Establish the Jurisdictional Facts Set Out in the Affidavit, and the Evidence Will Not Be Weighed.

On *certiorari*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutors, *Charles S. Moore*.

For the respondent, *Henry W. Lewis*.

PER CURIAM.

A judgment of possession having been obtained by respondent in the District Court of Atlantic City in a summary proceeding under an act entitled "An act concerning landlords and tenants," the present writ was sued out to review such proceedings and judgment. The facts are: The respondent, as landlord, and prosecutors, as tenants, entered into a written lease under date of August 1st, 1921, for the "store, dwelling and bake shop No. 13 South Main street, in the city of Pleasantville, county of Atlantic and State of New Jersey," for a term of three years from August 1st, 1921, to August 1st, 1924, at a monthly rental of $90, and the said prosecutors to "have the privilege to rent the said property for another three years at the same rental provided the taxes have not been increased, if so, then rent is to be in proportion to the increased taxes."

The taxes upon the leased premises increased from $156.21 in 1921 to $442.77 for the year 1924.

On April 29th, 1924, respondent wrote a letter to prosecutors, in which she said "your lease will start again August 1st, 1924, then your lease will expire for store, dwelling and bake shop," &c., "and your new lease will be for $175 per month * * * for three years at the rent of $175 per month for each and every month in advance, and if you do not want to rent the above-cited premises then you may vacate said premises on or before August 1st, 1924."

On May 2d, 1924, the prosecutor Lester F. Hilyard, by letter addressed to the respondent, acknowledged receipt of her letter of April 29th, 1924, and said "and for your information we very well understand the terms of our lease covering the premises which your letter refers to. We are perfectly willing to pay you the amount of money in rent from August 1st, 1924, to August 1st, 1927, which this lease provides for. The amount is to be determined at some time between the present and August 1st of this year. We have every intention of occupying these premises for another three years and of exercising *only* every right our lease gives us the privilege of."

On July 26th, 1924, the attorneys for the prosecutors wrote respondent referring to her letter of April 29th, 1924, addressed to prosecutors, and stating that the writers had before them a copy of the lease and copies of the tax bills from 1921 to 1924; that relator was in error in fixing the rental at $175 per month; that prosecutors were perfectly willing and expected to pay the increased rental from August 1st, 1924, to August 1st, 1927, which the lease provided for; that such increase was to be figured by the proportional "increase in your taxes which the entire property bears to the particular portion you have leased to us;" that putting the most favorable construction thereon would not permit the rental to be more than $115.58 per month, and that "we will be glad to go over these figures with you at your convenience." The letter then proceeds: "This letter is notice to you, however, that we intend to exercise our privilege under the terms of our lease for an additional period of three years, which would make our tenancy terminate on August 1st, 1927. * * * We are ready and willing to take up with you for determination and settlement at any time that suits your convenience the amount of increased monthly rental that we are to pay to you under our lease for said 13 South Main street, Pleasantville, New Jersey, for the next three years commencing August 1st next."

On July 29th, 1924, the attorneys of the prosecutors again wrote respondent asserting that they had had no response to their letter to her of July 26th, and stating that, in order to protect their right under the lease, "we hereby tender to you on this 1st day of August, 1924, legal tender money in the sum of $115.58 in cash, said sum of money being a maximum amount which we claim you are entitled to under said lease for payment of rent due on August 1st, 1924, and monthly thereafter for the remainder of said three-year term."

On September 6th, 1924, respondent wrote prosecutors as follows: "You know your lease has expired, and you are hereby notified if you do not pay the rent as per notice, $175 per month, I shall go to the District Court and get possession

of my property No. 13 South Main street, Pleasantville, New Jersey."

On October 10th, 1924, respondent caused two notices to be served upon the prosecutors.

The one, to forthwith deliver and vacate the leased premises because their terms therein had expired August 1st, 1924, and the other, that if they desired to lease the premises under the option in the lease, the rent therefor from August 1st, 1924, for the additional term of three years would be at the rate of $255.10 per month, "the same being fixed in proportion as the taxes on said premises for the year 1921, wherein said letting was made, viz., $156.21 are to the taxes of 1924, the year wherein the term thereunder expired, viz., $442.77 as $90 per month fixed under said lease for the original term is to the rent required under such option stated."

On October 29th, 1924, Reuben E. Adams swore to an affidavit which is the basis of the proceedings hereunder review. The affiant deposes as follows:

1. That for the purpose of this affidavit he is the agent of Katie Heinzer, who is the owner of the premises designated "as the store, dwelling and bake shop situate at and known as No. 13 *North* Main street, in the city of Pleasantville, county of Atlantic and State of New Jersey." (This street designation is erroneous and should have been "No. 13 South Main street, &c.")

2. That Lester F. and Edna M. Hilyard were then in possession of said premises by virtue of an agreement made August 1st, 1921, between them and Katie Heinzer, whereby the said premises were let and rented to them for the term of three years from August 1st, 1924, at $90 per month, payable on the first day of each month in advance.

3. That said agreement contained a clause whereby the Hilyards were to have the privilege of renting said premises for an additional term of three years, from the expiration of the first term at the rent of $90 per month if the taxes upon the leased premises were not increased, but if they were then said rent was to be increased in proportion to the increase of said taxes.

4. That the taxes for the year of said letting, 1921, were $156.21, while those of the year the term expired, 1924, were $442.77.

5. That at the expiration of said term, and subsequently thereto, the deponent, as agent of the owner, Heizner, proposed to the tenants, Hilyards, to let the said premises for the additional term of three years from August 1st, 1924, at the "rent in proportion to the increase of the taxes as aforesaid, which proposal they declined and refused to agree to."

6. That the right of possession of said premises by the Hilyards expired on August 1st, 1924.

7. That on October 10th, 1924, deponent caused notice in writing to be served upon the Hilyards requiring them to forthwith vacate said premises and deliver possession thereof to the owner, but that, nevertheless, they still hold over and continue in possession of said premises.

Prosecutors' first reason for setting aside the proceedings is that there is a variance in the description of the premises from that contained in the demand for possession and that set forth in the affidavit. The correct location of the premises as set forth in the notice is No. 13 South Main street, while in the affidavit it is referred to at 13 *North* Main street.

In *Newing* v. *Stillwell*, 67 *N. J. L.* 96, it is held that the requirements of the statute is complied with "when there is in the description sufficient certainty to advise the tenant of the premises claimed, and the officer of the premises from which the tenant is to be dispossessed."

In the affidavit the premises are not only designated in the above manner, but as "the store, dwelling and bake shop" in the possession of and occupied by prosecutors as tenants of respondent.

We think the description sufficient.

The next reason is that the authority of the agent making the affidavit is not sufficiently set forth.

The language of the affidavit is: "For the purpose of this affidavit I am the agent of Katie Heinzer."

Prosecutors assert that it nowhere appears that the agent has authority from the landlord to disposssess the tenants or

that he had any sufficient knowledge to make such an affidavit.

There is nothing in this objection. The very purpose of making the affidavit was to inaugurate the proceedings and affiant's principal brought such proceedings to a conclusion thereunder.

Next, it is contended that the demand for possession of October 10th, 1924, is improper and insufficient, because at the same time and by another notice in writing, either upon the same sheet of paper or upon a separate sheet, an option or alternative was extended to prosecutors to have a new term of three years at a rental of $255.10 per month.

There is no force in this.

Next, it is urged that because prosecutors continued in possession after August 1st, 1924, the new term of three years extended to August 1st, 1927, was entered upon, and, therefore, there was no expiration of term.

From the affidavit it must be concluded that the basis and ground of the proceeding was prosecutors' failure to take advantage of the right to a further term of three years from August 1st, 1924, to August 1st, 1927, at an increased rental under the terms and conditions of the lease.

Whether prosecutors had or had not done that which gave them this extended term was a question of fact. The affidavit set out sufficient facts to make it appear that they had not. It was necessary upon the trial to produce evidence to substantiate this jurisdictional fact raised by the affidavit.

Apparently, there was evidence. The evidence, aside from the correspondence hereinbefore referred to, is not contained in the state of the case. The court below found that prosecutors had not become possessed of the right to the extended term. There being evidence below tending to establish this we cannot look further, but must take the finding of the court below thereon.

"On a review of a summary proceeding instituted by a landlord to dispossess a tenant where the jurisdictional affidavit is sufficient, the only matter for determination is whether the landlord on the trial produced any evidence

tending to establish the jurisdictional facts set out in the affidavit, and the evidence will not be weighed." *Lit* v. *Maxwell*, 96 *N. J. L.* 293; *Moreland* v. *Steen*, 89 *Id.* 383; *Montalvo* v. *Levinston*, 94 *Id.* 87.

The final objection is that expiration of term and failure to pay rent are inconsistent remedies.

We think that a proceeding to dispossess may proceed upon both of these grounds, and the finding, dependent upon the facts, may be upon one or more of the grounds asserted and established.

But this we are not called to pass upon because the jurisdictional affidavit presents only one ground and that is expiration of term.

Finding no jurisdictional errors the writ of *certiorari* is dismissed, with costs.