JOHN ANTOLIK AND ANNA ANTOLIK, PROSECUTORS, v. FRANK SAUNDERS, RESPONDENT.

Submitted January term, 1925—Decided March 26, 1925.

Landlord and Tenant—Dispossession—Proceedings Attacked on Ground That Affidavit Fixes an Uncertain Date and That Commencement of Tenancy Was Not Proven—Affidavit Which Contained Statement of Non-payment of Rent As a Jurisdictional Fact Was Considered and Evidence Supporting It was Produced—Proceedings Under the Act May Be On More Than One Ground.

On *certiorari.*

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutors, *Elmer W. Romine.*

For the respondent, *Joshua R. Salmon.*

PER CURIAM.

A judgment for possession of premises No. 611 Birch street, in Boonton, was obtained by respondent in proceedings in the District Court of the Third Judicial District of Morris county, in a summary proceeding under "An act concerning landlords and tenants," approved March 27th, 1874, and its supplements and amendments.

The proceedings seem to be attacked because—

1. Because the creation of the tenancy as set forth in the affidavit fixes an uncertain date.

2. Because the allegations in the complaint as to commencement of tenancy were not proven.

The only matters before us are, were the necessary jurisdictional facts set forth in the affidavit, and, if so, was there any evidence from which such jurisdictional facts might be found. *Montalvo* v. *Levinston*, 94 *N. J. L.* 87.

The affidavit of the landlord, so far as it refers to the inquiry presently before us, is: "That he is the owner, being the life tenant of premises situate at No. 611 Birch street, in the town of Boonton, county of Morris and State of New Jersey; that John Antolik and Anna Antolik are now in possession of said premises by virtue of an agreement made with deponents about the 1st of April, 1919, whereby said deponent let and rented said premises to the said John Antolik and Anna Antolik, from month to month, for the monthly rent of $8.50, payable in advance; that said John Antolik and Anna Antolik entered into possession of said premises and paid said rent to January 1st, 1920, and are now indebted to this deponent in the sum of $382.50, being the rent due by virtue of said agreement on the 1st day of September, 1923, said tenants being therefore actually objectionable because of the non-payment of rent aforesaid." The affidavit then proceeds to set forth the giving to the prosecutors herein notice for two purposes, viz., on Decem-

23

ber 29th, 1922, to terminate the tenancy and requiring the tenants to vacate on April 1st, 1923, and another on July 20th, 1923, requiring prosecutors as tenants to remove from the premises because of non-payment of rent.

Due service of these notices was admitted.

The judgment of the District Court, so far as is pertinent, is: "Notice to quit said premises on April —, 1923, was served on the defendants on December 29th, 1922, and three days' notice to remove for non-payment of rent was served on the defendants July 20th, 1923. It was stipulated on the record that the notices were duly served. The grounds for the removal, as set forth in the affidavit for removal, were sufficiently proved. The plaintiff is entitled to a judgment for possession, which is hereby given."

If the affidavit set up only grounds for which possession might be had for a termination of the tenancy under the notice of December 29th, 1922, requiring prosecutors to vacate April 1st, 1923, and had the judgment of the District Court in turn been based thereon, it might well be that the proceedings might have to be set aside both for indefiniteness in the affidavit as to the commencement of the tenancy and as to whether there was any proof upon that score upon which the District Court could have found.

But the affidavit set up another ground—non-payment of rent and the notice of July 20th, 1923, to surrender the premises because thereof—and the District Court found these facts also established, and we think there was evidence from which said court could so find.

The only inquiry is "whether there was any evidence from which the jurisdictional facts set out in the affidavit might have been properly found." *Moreland* v. *Steen*, 89 *N. J. L.* 383, and *Montalvo* v. *Levinston, supra.*

That a proceeding under the Landlord and Tenant act may be based upon more than one ground seems to be fully justified by *Pamph. L.* 1922, *p.* 170, *ch.* 93, and the finding of the District Court may be upon any one or all the causes of removal.

Finding that the court below had jurisdiction the writ of *certiorari* is dismissed, with costs.