VIRGINIA COMPTON, PROSECUTRIX, v. EDWARD T. COMP-
TON, DEFENDANT.

Argued May 19, 1934—Decided June 14, 1934.

Before Justice PERSKIE, sitting alone, pursuant to the statute.

For the prosecutrix, *Ezra Karkus.*

For the defendant, *Snyder & Roberts.*

PERSKIE, J.   The stipulated state of case discloses that Edward T. Compton instituted a dispossession proceeding, for default in rent, against B. Seymour Compton and Virginia Compton, in the District Court of the Second Judicial District of the county of Monmouth.   Appearance was entered by Ezra Karkus for Virginia Compton.   B. Seymour Compton did not enter an appearance nor did he defend the action.

Plaintiff below proved a default in rent to the amount of $1,330, and a letting of the premises in question to B. Sey-

mour Compton only. Whereupon a nonsuit was entered as to Virginia Compton. A judgment of possession was entered as to B. Seymour Compton. Counsel for the prosecutrix insisted below, and still insists before me, that by reason of the variance in the affidavit which set forth a letting to both defendants and the proof which disclosed a letting merely to one of the defendants, the entire proceedings should have been dismissed.

The prosecutrix assigns four reasons for setting aside the judgment of the court below. (1) Because such court was without jurisdiction to hear said cause. (2) Because the judge of the said court gave judgment of nonsuit in favor of the defendant, Virginia Compton against the plaintiff, Edward T. Compton, whereas he should have dismissed the entire proceeding. (3) Because the judge of the said court gave judgment for the plaintiff, Edward T. Compton and against the defendant B. Seymour Compton, whereas the entire proceeding should have been dismissed. (4) Because the said judgment is illegal, erroneous and unlawful in divers other respects.

It is well established that the questions presented on this writ are limited to the single inquiry, and that is, whether there was any evidence from which the jurisdictional facts set out in the affidavit might have been properly found. *Montalvo* v. *Levinston,* 94 *N. J. L.* 87. It might well be a sufficient answer to that query, in the instant case, to say that the only party aggrieved is B. Seymour Compton, and he does not complain. I shall, however, consider the reasons properly assigned.

As was pointed out by Mr. Justice Kalisch, in *Weishaupt* v. *Weishaupt,* 104 *N. J. L.* 465, 467, the last reason assigned is altogether too general and shall, therefore, not be considered. The other three reasons tend to challenge the jurisdiction of the court, and as I read and understand them, on the ground that since the proofs did not establish a landlord and tenant relationship as against the prosecutrix, although a nonsuit was entered as to her, the entire proceedings should have been dismissed. And this, of course, notwithstanding

that B. Seymour Compton entered no appearance or defense to the action.

My study of the authorities leads me to the conclusion that the contentions of the prosecutrix are without merit. There was no variance as to the relationship of landlord and tenant, description of the premises or the specific amount of rent due, on which the judgment of possession was entered against B. Seymour Compton. In fact a complete case was made out as to him. (Section 111, District Court act—2 *Comp. Stat.* 1709-1910, *p.* 1989.) He does not even question it. On the subject of variance see *Newing* v. *Stilwell,* 67 *N. J. L.* 96; *Hilyard* v. *Heinzer,* 3 *N. J. Mis. R.* 343; affirmed on point involved in 102 *N. J. L.* 217; 128 *Atl. Rep.* 383; *affirmed,* 130 *Id.* 918; *Antolik* v. *Saunders,* 3 *N. J. Mis. R.* 352; 128 *Atl. Rep.* 423.

Prosecutrix stresses strongly the cases of *Fowler* v. *Roe,* 25 *N. J. L.* 549; *Antolik* v. *Saunders, supra; West* v. *Wilson,* 1 *N. J. Mis. R.* 389; 121 *Atl. Rep.* 610. But I do not think they are applicable.

In *Fowler* v. *Roe, supra,* the result reached was based on the fact that the affidavit contained mere conclusions of law and that the evidence failed to establish a tenancy.

In *Antolik* v. *Saunders, supra,* the affidavit was found to be defective in one regard but was sustained on another and hence a judgment for possession was not disturbed by the Supreme Court.

*West* v. *Wilson, supra,* is clearly inapplicable. It treats of notice of demand for possession.

In *Layton* v. *Dennis,* 43 *N. J. L.* 380, it was merely held that the affidavit was not sufficiently certain, as it failed to state the amount due the landlord, &c.

As pointed out in *Ficken* v. *Coyle,* 25 *N. J. L. J.* 369, the amount of rent due must be alleged in the affidavit and must be the true amount, as the tenant had the right under the act to pay the rent, plus costs, and stop the proceedings. See section 108 of the District Court act, *supra.*

Moreover, I am of the opinion that when a nonsuit was entered as to the prosecutrix she became a stranger to the

proceedings; and as a stranger she could not intervene. The Landlord and Tenant act makes no provisions for admitting other parties to defend. *Brahn* v. *Jersey City Forge Co.,* 38 *N. J. L.* 74. Legally, it cannot be said that the judgment against B. Seymour Compton injuriously affected the substantial rights, or any right, of the prosecutrix. *McMahon* v. *O'Brien,* 58 *Id.* 548. "If he [B. Seymour Compton] is aggrieved, it is for him to complain." *State (Golder, Pros.)* v. *Cake,* 24 *Id.* 516. He is not a party to the present proceeding, entered no appearance in the court below and does not now complain.

That one who has no interest in a cause pending cannot and will not be heard to complain is, I think, closed to debate. I see no reason for holding otherwise in the instant case. There is nothing sacrosanct about a landlord and tenant case.

Prosecutrix further urges that since a warrant of removal based on the order of possession shall remove all persons, including herself, that, therefore, her rights are affected. I am of the opinion that it is a sufficient answer to this insistment to say that if the prosecutrix be improperly evicted she is not without remedy. She has her action for damages. 2 *Comp. Stat.* § 113, *supra; Montalvo* v. *Levinston, supra; McCann* v. *La Brecque Co., Inc.,* 90 *N. J. Eq.* 526; 109 *Atl. Rep.* 501. See, also, *Moreland* v. *Steen,* 89 *N. J. L.* 383; 99 *Atl. Rep.* 135.

The writ will be dismissed, with costs.