DISTRICT COURT OF NEW BRUNSWICK.

EBENEZER BAPTIST CHURCH, PLAINTIFF, v. JOHN BARBER, DEFENDANT.

Decided February 29th, 1936.

For the plaintiff, *Meyer A. Reubin.*

For the defendant, *Oliver Randolph.*

MORRISON, D. C. J.   This is an action for a dispossess brought under subdivision 2 of section 107 of the District Court act (2 *Comp. Stat., p.* 1988), brought by the Ebenezer Baptist Church, a religious society incorporated under the laws of this state through its treasurer, Barton Tatum, against one John Barber to recover possession of the parish house occupied as tenant by John Barber, by reason of his failure to pay upon demand, the monthly rental of $20 on the 1st of February, 1936, for the month of February to the said Barton Tatum.   The following are the facts:

It appears that the said John Barber entered into possession of the parish house in the year of 1929 pursuant to an agreement between the then existing officers of the said church and the said John Barber, at a monthly rental of $25 per month, payable in advance on the first day of each month.

It seems that the said John Barber has been in possession under the said agreement up to the time this action was brought, and for sometime prior to the institution of this suit had been paying his rent to one Earl McCargo, who, it seems, was treasurer of the said church until an election on January 6th, 1936. On January 6th, 1936, the regular annual church election was held, resulting in the election of new sets of officers who were elected for a term of one year. Earl McCargo, it seems, was not re-elected as treasurer, but Barton Tatum succeeded to this office.

Since the election of January 6th, 1936, the newly elected officers have been in complete physical possession of the church premises. The rules, customs and by-laws governing the said church seems to have been observed by the officers now in possession, and no evidence has been presented to show otherwise. Necessary supplies such as fuel and so forth were purchased by the present officers and paid for by the treasurer from a checking account in the name of the church in the National Bank of New Jersey, New Brunswick, New Jersey. Church books are being kept by the church clerk and routine details connected with the administration such as correspondence, minutes and so forth, are similarly handled. Obligations incurred in behalf of the church have been paid and church business appears to be conducted in an orderly and businesslike manner. Church services have been conducted regularly each Sunday by duly ordained ministers, and fees for the same have been paid. Rev. M. Benjamin Gaines was chosen by the officers and members as permanent church pastor, and church functions and services have been held under his direction and supervision. Rev. Gaines' salary has likewise been paid for by the present officers.

On January 17th, 1936, the newly elected officers authorized a committee to notify John Barber to pay all future rents on the parish house to Barton Tatum, treasurer. This notice was duly served and on February 1st, 1936, when the monthly rent became due, upon demand, Mr. Barber refused to pay his rent to the said treasurer. Thereafter, at the meeting of the officers a resolution was adopted authorizing the said Barton Tatum to institute this action in behalf of the said church.

At the trial of the said cause, motion was made to admit certain individuals as party-defendants in the said cause, contention being made that these were the proper officers of the church and have an interest in the subject-matter of this suit. This motion was denied for reasons which will hereafter be discussed.

Mr. Barber at the trial produced a receipt showing payment of $20 for rent on the parish house for the month of February, which receipt was signed by Earl McCargo, who has, as hereinbefore stated, been the treasurer prior to the election of January 6th, 1936. Mr. Barber testified that he paid this rent after notice to him by the present officers, and justified this payment by saying that he did not recognize the present officers as the proper officers of the said church, nor did he recognize Barton Tatum as the church treasurer, and refused to pay him any rent. He admitted that the premises in question was let to him by the governing board of the church in the year of 1929.

Counsel for the defendant first contends that his motion to admit others as party-defendants should have prevailed. I have examined the District Court act pertaining to landlords and tenants and have been unable to find any authority therefor. This question has been raised in the case of *Brahn* v. *Jersey City Forge Co.*, 38 *N. J. L.* 74, and Judge Van Syckel for the Supreme Court, stated on page 80:

"The act makes no provision for admitting other parties to defend and there is nothing in the statute which, by implication, would seem to justify such a practice."

See, also, *State (McMahon, Prosecutor)* v. *O'Brien*, 58 *N. J. L.* 548; 33 *Atl. Rep.* 848.

Obviously, admitting in this case other parties to defend, whose claim to office conflicted with the present officers, by whose authority this suit has been instituted, would result in this court's determining the right to an office. This cannot be done by this court. The courts of this state have repeatedly held that the only method by which the right to an office can be judicially determined in this state is by proceedings in the nature of a *quo warranto* and this is true not only with relation to state and municipal offices but also those of religious as well as secular. *Tonkin* v. *Kenworthy*, 112

*N. J. L.* 274; 170 *All. Rep.* 233; *Smith* v. *Trustees of Bethel African Methodist Episcopal Church of Jersey City,* 89 *N. J. L.* 397; 99 *All. Rep.* 102; *Schilstra et al.* v. *Van Den Heuval et al.,* 82 *N. J. Eq.* 155; 90 *All. Rep.* 1056. Since no direct adjudication of the title to the disputed offices has been made by the proper tribunal, the same cannot be inquired into collaterally. *Rhinesmith* v. *Goodfellow,* 111 *N. J. L.* 604; 169 *Atl. Rep.* 279; *Weitz* v. *Preston,* 113 *N. J. L.* 271; 174 *Atl. Rep.* 429.

Having determined that title to the offices of the church cannot be inquired into collaterally, it becomes necessary to decide to whom the defendant, John Barber, is obligated to pay his rent. Although no evidence has been presented impugning the title of the present officers of the church, their present authority can, in law, be supported, at least, as *de facto* officers of the Ebenezer Baptist Church. Mr. Justice Parker, in the case of *Walsh et al.* v. *Thompson,* 87 *N. J. L.* 49; 93 *Atl. Rep.* 857, said:

"A similar rule prevails with regard to collateral attack on the status of a *de facto* officer, such as the relator. His acts as such *de facto* officer are valid as to the public and third persons. Citing *Mitchell* v. *Tolan,* 33 *N. J. L.* 195. His title need be no more than colorable. Citing *State* v. *Zeller,* 83 *N. J. L.* 666; 85 *Atl. Rep.* 237.

"So long as a person actually occupying and exercising the office as part of an actually operating government of the township under color of title presents the claim on behalf of the township, the county clerk is fully protected in making the payment and the courts will take care of its proper application. In such case his duty is plain, and that is to pay over the money to the officer shown to be exercising the functions of the office under color of right. The public interest demands that the duties of the office be performed, and that the machinery of government be not stopped because of any dispute as to who is to operate it."

To the same effect is an opinion by the Court of Errors and Appeals rendered by Judge Van Syckel:

"If the officers elected are ineligible or are elected irregularly or illegally but they are allowed by the proprietors of the corporation to take control of its property and to exercise

their functions and powers, they become officers *de facto,* and as such may act for and bind the corporation. An officer *de facto* is one who has the reputation of being the officer he assumes to be and yet is not a good officer in point of law. From a very early time it has been held that the acts of *de facto* officers are binding upon the corporation until they are lawfully ousted so far as their acts create rights in favor of third persons." *Kuser et al.* v. *Wright,* 52 *N. J. Eq.* 825; 31 *Atl. Rep.* 397.

Although the above cases referred to did not deal with the offices of a religious society, yet the same principle has been invoked in an early case involving a dispute to title of office of a church. This case holds:

"That where persons are officers *de facto* they are *in colore officii;* and their acts will be valid until they are lawfully ousted; and more especially as they respect third persons their acts are binding on the corporation." *Doremus* v. *Dutch Reformed Church,* 3 *N. J. Eq.* 332.

This case was cited by the court in the case of *Stockton (Attorney-General)* v. *American Tobacco Co.,* 55 *N. J. Eq.* 352; 36 *Atl. Rep.* 971. The court there refused to examine the legality of the election of the officers who had filed an answer, holding them clearly *de facto* officers, and the same case was again cited by the Court of Errors and Appeals in *Kuser* v. *Wright, supra,* wherein the same rule was enunciated and applied, the court saying: "This rule has never been departed from in this state."

The facts in the case at bar are clearly within the rationale of the cases referred to. The present officers under which the treasurer Barton Tatum brings this action have been in peaceable possession and control of the church property and affairs since their election. They occupy their office under a color of right, viz., the election of January 6th, 1936, and therefore within the purview of the above enumerated cases, the ruling of which, established their status, at least as *de facto,* until their alleged incumbency is directly adjudicated by the proper tribunal.

Our next consideration is whether the present officers have the authority to act in behalf of the church in the collection of rents from the defendant. Mr. Justice Parker cites a num-

ber of cases relating to the powers and functions of *de facto* officers in the opinion of *Walsh* v. *Thompson, supra:*

"Such an officer is entitled to recover the lawful compensation for the office, citing *Erwin* v. *City of Jersey City,* 60 *N. J. L.* 141; 37 *Atl. Rep.* 732. ' *Brinkerhoff* v. *Jersey City,* 64 *N. J. L.* 225; 46 *Atl. Rep.* 170. A *de facto* treasurer is entitled to taxes received by the tax collector, citing *Trescott* v. *Moan,* 50 *Me.* 347. * * * A *de facto* school board may recover school funds (*School Commissioners* v. *School Commissioners,* 77 *Md.* 283; 26 *Atl. Rep.* 115); in *Harvey* v. *Philbrick,* 49 *N. J. L.* 374; 8 *Atl. Rep.* 122, a *de facto* borough commission ordered payment of a claim and its disbursing officer refused to pay it on the ground that the commission was not *de jure,* but this court ordered *mandamus* saying that as the commission was a *de facto* body, the treasurer had no option and that his duty was to pay."

The collection of rents by the officers of the church for the parish house belonging to the said church is a proper exercise of the functions of the said offices. John Barber has no option and his duty was to pay his rent to the officer designated to collect the same. His position is peculiarly analogous to the facts in the case of *Walsh* v. *Thompson, supra,* the court on page 858 deciding:

"In this case the money demanded belongs to the township. The county clerk is commanded by the statute to pay to the person entitled to the legal custody of the funds of the township. It is no part of the clerk's duty to decide who, in the last analysis, is that person; only the court, on a *quo warranto,* can do that."

*Ergo,* it is not the tenant's duty to decide a dispute as to the authority to act for the plaintiff, it is his duty to pay his rent to the persons actually occupying and exercising the offices of the church under color of title.

Defendant contends that his attornment to Earl McCargo precludes the present action. However, he does not deny a relationship of landlord and tenant between him and the Ebenezer Baptist Church. He does deny the authority of the present officers to act in behalf of the church in the collecting of rents from him. Having come to the conclusion that the present officers had the authority of collecting rents from

him, it follows that his attornment, despite due notice from the present officers to one other than to whom he was directed to pay, was to a stranger and within the enactment of section 26, of the Landlord and Tenant act (3 *Comp. Stat., p.* 3076), and rendered thereby null and void.

Defendant in his brief raises the question as to the sufficiency of the affidavit of Barton Tatum, as agent for the Ebenezer Baptist Church. The affidavit alleges that the deponent (Barton Tatum) let the premises to the defendant, whereby the proof at the trial disclosed that the premises in question was let by the governing board of the said church in the year of 1929. Obviously, since the affidavit was made by Barton Tatum in a representative capacity, it might be construed that the allegation was meant to describe the letting by the principal for which Mr. Tatum was acting. However, it is not necessary to decide this point since the defendant made no motion to the jurisdiction of this court based upon the insufficiency of the said affidavit either before or during the trial of this cause. He does so now for the first time in the brief submitted in his behalf.

Defendant, by appearance in court, pleading and examination of witnesses, waived his right to object to the jurisdiction of this court based upon the alleged insufficiency. *Palmer* v. *Sanders,* 51 *N. J. L.* 408; 17 *Atl. Rep.* 1084; *Fowler* v. *Rowe,* 25 *N. J. L.* 549, (see *p.* 553) ; *Moreland* v. *Steen,* 89 *Id.* 383; 99 *Atl. Rep.* 135.

It is apt to quote from the case of *Newing* v. *State (Stilwell),* 67 *N. J. L.* 96; *50 Atl. Rep.* 493, wherein the court said on page 494:

"The record before us shows that the defendant appeared and contested the case, yet it does not show that objection was made because of the alleged insufficiency of the description of the premises. It is quite evident that the defendant knew what premises were intended by the affidavit."

Likewise in this case, defendant appeared and contested the action and admitted on the stand that the premises had been rented to him by the Ebenezer Baptist Church.

At no time has he denied a relationship of landlord and tenant between him and the plaintiff.

Let judgment of possession be entered.