The opinion of the court was delivered by
Hornblower, C. J.
The ground relied upon for a reversal in this case, is, that it does not appear by the constable’s return of the summons, that the person with whom he left a copy at the house of the defendant, was “ of the family,” nor that he informed her of the contents thereof. This would, no doubt, be fatal to the judgment rendered in his absence, if it did not satisfactorily appear by the-affidavit now read, and which has been taken under a rule of this court, that the defendant did appear at the return of the summons, by his agent, not to object to the legality of the service, but to request an adjournment for two weeks, which the justice granted. This was not only a recognition by the defend *47 ant of the service of the process, but a waiver of all objection to the form and manner of service. We do not say that if a defendant appears at the return of a summons defectively served, and objects to the mode of service, that his appearance for that purpose, will cure such defective service; but he must interpose that objection, before he submits himself to the jurisdiction of the court, by putting in a plea to the action, or praying an adjournment. The case of Cook v. Hendrickson, Penn. R. 344, is directly in point, and in Shinn v. Earnest, Penn. R. 55, Pedrick v. Shaw, Id. 58, Layton v. Cooper, Id. 63, Hedden v. Vanness, Id. 84, Mulford v. Perrine, Id. 474, Martin v. Steel, Id. 718, and Steddiford v. Ferris, 1 South. R. 108, which were all cases of defective returns, the uniform language of the court, is, that a general appearance of the defendant, is a waiver of the objection. Let the judgment be affirmed.
Ford and Ryerson, Justices, concurred.

Judgment affirmed.

Cited in Gardner v. Small, 2 Harr. 163; Clifford v. Overseers of Frankford, 8 Vr. 154.