BENNETT DUFFIE, PROSECUTOR, v. LOREN C. LEWIS, RECORDER, ET AL., DEFENDANTS.

Argued January 22, 1941—Decided May 15, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *George A. Gray.*

For the defendants, *John J. Quinn.*

PER CURIAM.

Application is made for a *certiorari* to review the judgment of Mr. Justice Perskie in affirming, on statutory review, the judgment of conviction of drunken driving by the recorder of the Township of Ocean in Monmouth County. The grounds alleged are that the recorder evinced bias and thereby disqualified himself and that, by continuances, the trial court lost jurisdiction of the matter.

As to the first ground, it is sufficient to say that the record does not support the allegation. Further, the facts were reviewed by Mr. Justice Perskie, who sustained the conviction.

The alleged offense took place on May 18th, 1940, when prosecutor was arrested. He was held in $100 bail and, at his request, hearing was set for May 28th, when, again at his request, the hearing was fixed for June 11th. On that day, a complaint was sworn to and a warrant was issued for prosecutor's arrest. By mistake, the date of June 4th instead of June 11th was entered in the complaint, but prosecutor expressly waived the error and does not now urge it. The hearing was continued to June 25th, and on June 25th, prosecutor's counsel requested an adjournment, and, at his request, several further adjournments were granted and the matter was finally set down for July 5th, 1940, when it was concluded and prosecutor was adjudged to be guilty.

Prosecutor urges that, inasmuch as the proceedings were not completed within thirty days after the arrest without warrant, they are void. *R. S.* 39:5-8 provides: "A hearing to be held pursuant to this sub-title shall, on the request of either party, or in the discretion of the magistrate, be adjourned for a period not exceeding thirty days from the return day named in a summons or warrant or from the date of an arrest without warrant, as the case may be.  *  *  *" In the instant case, a warrant was issued and the matter was disposed of within thirty days from such issuance. The prosecutor submitted himself to the jurisdiction of the trial court and cannot now complain of a lack of such jurisdiction. *State* v. *Rosenblum,* 102 *N. J. L.* 125; *State* v. *Baker,* 102 *Id.* 349.

The prosecutor having not only submitted himself to the jurisdiction of the Recorder's Court, but having also availed himself of the statutory right of review on the merits, cannot now assert a failure of jurisdiction over the person of prosecutor and have *certiorari* to review it. *State* v. *McCarty,* 99 *N. J. L.* 64; *Dorman* v. *Usbe Building and Loan Association,* 115 *Id.* 337; *State* v. *Cottrell,* 117 *Id.* 226.

The application for *certiorari* is denied, with costs.