NICHOLAS GROBARZ, PROSECUTOR, v. G. NOYES SLAYTON, RECORDER OF THE TOWNSHIP OF MILLBURN, IN THE COUNTY OF ESSEX, FRANK J. STOECKLE, CLERK OF SAID COURT, AND HARRY D. LYON, ARRESTING POLICE OFFICER, DEFENDANTS.

Argued May 4, 1943—Decided September 9, 1943.

Before Justices PARKER, HEHER and PERSKIE.

For the prosecutor, *Lewis Winetsky.*

For the defendants, *Reynier J. Wortendyke, Jr.*

The opinion of the court was delivered by

HEHER, J.  This *certiorari* was issued to review a judgment of conviction of prosecutor rendered by the Recorder of the Township of Millburn upon a complaint charging that on February 13th, 1943, he operated a motor vehicle on a public highway while under the influence of intoxicating liquor, in contravention of *R. S.* 39 :4–50.

It is to be observed at the outset that the writ should not have been directed to the arresting police officer, for he was not the custodian of the record of the proceedings. *Zeller* v. *Guttenberg, 81 N. J. L.* 305.

The sole issue raised is whether the Recorder "lost jurisdiction to hear the case" in these circumstances, exhibited by a stipulation of facts : Prosecutor was arrested on the day it was alleged the offense was committed, and was released on bail the following day for trial on the ensuing February 24th.  The trial commenced on that day.  The state presented all its evidence except that to be elicited from the physician who had examined prosecutor shortly after his arrest.  It was suggested by prosecutor's attorney that, pending the arrival of this witness, evidence be adduced from all defense witnesses except prosecutor and his wife, their testimony to be taken after the state had closed its case.  This course was taken.  Thereupon, it was learned that the absent witness could not appear on that day, and the Recorder accordingly announced that it would be necessary to take a continuance.  He "offered to sit for the completion of the trial  *  *  *  upon any early day which prosecutor's attorney might select, either in the morning or afternoon."  It was found that a morning or afternoon session would "conflict" with prosecutor's "working hours;" and the Recorder then proposed the evening of March 10th.  Prosecutor's attorney pleaded a previous engagement and countered with the suggestion of March 3d.  This would interfere with a business trip planned by the Recorder, and he in turn proposed Wednesday, March 17th.  Wednesday evening was the "regular time" for holding court.  "No objection" was interposed by prosecutor, and the trial was formally continued to that day.  Upon the resumption of the trial on the day so fixed,

prosecutor moved for a dismissal of the complaint on the ground that "the hearing had not been disposed of within thirty days" from the date of arrest, in accordance with what he conceived was the requirement of *R. S.* 39:5–8, and therefore "the Recorder's Court had no jurisdiction to hear the matter." The motion was denied, and prosecutor immediately withdrew from the trial and took no further part therein.

The question is one of construction and of legislative intent. Was it the legislative design that in such circumstances the magistrate would be shorn of jurisdiction to enter a valid judgment on the complaint? Prosecutor's consent to the continuance is of no significance whatever if a divestiture of jurisdiction of the subject-matter was effected by the lapse of the statutory period. Such was not the case. The Recorder had jurisdiction of the subject-matter and of the person; and he did not lose either by the course thus taken.

The primary purpose of the particular provision of *section* 39:5–8, *supra,* was to secure a reasonably prompt disposition of the complaint in the public interest, and at the same time to afford the accused the means of a fair trial. It is provided that, on the request of either party, or in the discretion of the magistrate, the hearing of the complaint shall be adjourned for "a period not exceeding thirty days from the return day named in a summons or warrant or from the date of an arrest without warrant, as the case may be." Here, the trial day designated was within the statutory period; and it would be a capricious construction that would deny to the magistrate the power to continue the trial where that course was necessary to serve the ends of essential justice. This provision is to be read in the light of the context and is to be given a reasonable construction to effectuate the general policy of the enactment. We are enjoined to interpret it so as "to oppose all prejudice to public interest. * * * The consideration of evil and hardship may properly exert an influence in giving a construction to a statute when its language is ambiguous or uncertain and doubtful, but not when it is plain and explicit." *Lewis' Sutherland Statutory Construction* (2d ed.), § 490. The exercise of the interpretative function must needs be restrained by the reason and spirit of the enactment.

It would indisputably be within the magistrate's province to fix the thirtieth day as the time of trial. If it were impossible to complete the taking of testimony on that day, would a continuance to the following day be fatal to jurisdiction? Certainly not, if the statute is to be given a rational view, consistent with the general object to be served. And if this would be a valid exercise of power, so also would a continuance to a later and more convenient time within the bounds of reason and the exigencies of the case. If the provision be given the strict literal interpretation demanded by prosecutor, an inability to procure the testimony of an indispensable witness within the prescribed period, no matter what the cause, would be fatal to the prosecution. Illness of a witness, or his concealment within or absence from the jurisdiction, even though the motivation was the obstruction of justice, would render the proceeding abortive. A construction that would thus open the door to miscarriages of justice is to be rejected in favor of one that will advance the essential legislative purpose. It is to be presumed that the legislature designed certain as well as swift justice. The circumstances that will serve to deprive the magistrate of jurisdiction once acquired must be clearly and imperatively laid down in the statute. This view of the enactment will not defeat the purpose to avoid undue delay in the prosecution of such complaints, for the right to and the length of the adjournment are measured always by the requirements of justice in the particular circumstances. The course taken here fully accords with the spirit of the law.

The judgment is affirmed, with costs.