ANDREW KUCHMAN, PROSECUTOR, v. JOHN INGHAM, RE-
 CORDER OF THE TOWNSHIP OF MAPLEWOOD, DE-
 FENDANT.

Decided September 21, 1945.

Before Justice PARKER, at motions, March 10th, 1945.

For the prosecutor, *Richard A. Cashion.*

For the defendant, *Ervin S. Fulop.*

PARKER, J. The desire of prosecutor is to review a con-
viction before the recorder of drunken driving, on the ground
that said recorder was without jurisdiction because the com-
plaint had not been made within twenty-four hours after the
offense.

What happened was that prosecutor was arrested on October
11th by a police officer for drunken driving, at the scene of
an accident; was brought promptly before the recorder;
released on what seems to have been cash bail, for appearance
on October 30th, and on that date a complaint of drunken
driving was filed, and warrant issued.

For prosecutor it is claimed that the complaint should have
been lodged within twenty-four hours after the arrest; but
I cannot find any such requirement in the statute. The
twenty-four hours clause relates solely to a limit of "deten-
tion," *i. e.,* temporary deprivation of liberty. As regards the
time limit on commencement of an action for the statutory
penalty provided by *R. S.* 39:4–50; *N. J. S. A.* 39:4–50,

either by summons or warrant, the statute applicable is *R. S.* 39:5–3; *N. J. S. A.* 39:5–3, which fixes a time limit of thirty days after the commission of the offense. In the present case the warrant issued after nineteen days, and well within the time limit.

*Allocatur* of *certiorari* is therefore denied.