STATE OF NEW JERSEY (JOHN C. BURKE), PLAINTIFF-RESPONDENT, v. JOSEPH YACCARINO, DEFENDANT-APPELLANT.

Argued November 7, 1949—Decided December 5, 1949.

*Mr. Ward Kremer* argued the cause for the appellant (*Messrs. Ward Kremer* and *Alvin Newman,* attorneys).

*Mr. William J. O'Hagan* argued the cause for the respondent (*Messrs. Stout & O'Hagan,* attorneys).

The opinion of the court was delivered by

VANDERBILT, C. J.   This is an appeal by the defendant from a judgment of conviction for a violation of the zoning ordinance of the Township of Neptune rendered by the Recorder's Court of the township.   The appeal was taken to the Appellate Division of the Superior Court and has been certified here on our own motion.

In view of our conclusion that the appeal must be dismissed, an extended review of the facts is not warranted. It is sufficient to state that the evidence showed conclusively and without contradiction that the defendant had been operating a junk yard in a district in which such use was not permitted by the local ordinance on November 4, 1948, the date charged in the complaint, and that the proofs of the defendant fell far short of establishing that the character of the district was such as to render the prohibition of junk yards therein an arbitrary, capricious or unreasonable exercise of the zoning power by the municipality.

■ Nor do we perceive any merit in the further contention of the defendant that the municipality is estopped from prosecuting him by virtue of the circumstances that, for a number of years prior to 1948, he had annually been granted a license to operate a junk yard at the same location by the municipal license inspector (an official who is not charged with the enforcement of the zoning ordinance) on the basis of which the defendant has expended money and effort in building his business and has acquired, over the years, a certain amount of good will at this particular location. So far as can be determined from the record, the defendant is neither the owner nor lessor of the premises, but apparently occupies them solely through sufferance. He has built no buildings thereon in which to conduct his business, his expenditure of moneys being confined to his investment in the junk which he stored on the premises in the open. Whatever may be the good will that attaches to the business of a junk yard, in the light of the manner in which the defendant conducted his business, selling in large lots to business concerns at some distance from Neptune, it is reasonably certain that the good will would follow the transfer of operations to a site where this type of business is looked upon with a less jaundiced eye. It is settled in this State that the issuance of a license under circumstances such as are here present constitutes no justification or defense to a prosecution for the violation of a zoning ordinance, *Dickinson v. Plainfield,* 13 *N. J. Misc.* 260 (*Sup. Ct.* 1935) ; affirmed, 116 *N. J. L.* 336 (*E. & A.* 1936) ; *Home Fuel Oil Co. v. Glen Rock,* 118 *N. J. L.* 340 (*Sup. Ct.* 1937) ; see *Note* (1949) 6 *A. L. R.* 2d 960.

■ The judgment of conviction was entered in the recorder's court on November 22, 1948, and immediately thereafter a notice of appeal to the Appellate Division was served and filed by the defendant. Although the question of the propriety of the appeal was not raised in the briefs of either party, we asked counsel in advance of the oral argument to be prepared to argue the question and to submit supplemental memoranda, which we have considered. Because the judgment of conviction was entered and the notice of appeal was

filed prior to the promulgation of the rules governing the practice in the local criminal courts (Part VIII of the Rules) and prior to the effective date of the legislation abolishing the recorders' and magistrates' courts and the justices of the peace and creating in their stead the municipal courts (*P. L.* 1948, cc. 264, 394; *R. S.* 2:8A–1 *et seq.*), we are confined in our consideration of this problem to the then applicable rules and statutes.

■ ■ Under the practice prevailing before September 15, 1948, a review of a conviction for violation of a municipal ordinance in the recorder's court of a township could be had by way of a proceeding before "the justice of the supreme court holding the circuit court of the county, or a judge of the court of common pleas for the county," *R. S.* 2:215–7, or by way of *certiorari, Minochian v. Paterson,* 106 *N. J. L.* 436 (*E. & A.* 1930). The Judicial Article of the new Constitution, however, and Parts I–V of the new Rules promulgated pursuant to the authority given us therein came into effect on September 15, 1948. *Rule* 2:11 provided:

"The only method of reviewing a judgment or order in a criminal cause or proceeding in an inferior court of limited criminal jurisdiction * * * shall be by appeal as herein provided.

"(a) Appeals from judgments of conviction in the inferior courts of limited criminal jurisdiction shall be taken to the County Court of the county in which such inferior court is located * * *."

Although we recognize that much has heretofore been said about the true character of a prosecution for the violation of an ordinance and as to whether in a given case it was an action in the nature of a civil suit or a criminal proceeding, see, *e. g., Brophy v. Perth Amboy,* 44 *N. J. L.* 217 (*E. & A.* 1882); *Unger v. Fanwood,* 69 *N. J. L.* 548 (*Sup. Ct.* 1903); *Vanbueren v. Wildwood,* 9 *N. J. Misc.* 187 (*Sup. Ct.* 1931), procedurally at least and within the intendment of *Rule* 2:11 a prosecution for violation of an ordinance is essentially criminal in nature irrespective of whether the penal section of the ordinance provides for a fine only or for both fine and imprisonment and even though such violation does not constitute an indictable offense, *Cf. Rule* 2:1–1. This interpre-

tation is given added force by three rules in Part VIII of the Rules, all effective January 1, 1949; *Rule* 8:1–1 providing that "these rules govern the practice and procedure with respect to all crimes and offenses cognizable in municipal courts, county district courts, criminal judicial district courts, and in such county traffic courts and police, magistrate's or recorder's courts, by whatever name called, as may be continued by law after December 31, 1948;" *Rule* 8:1–3 defining "offense" to mean "any violation of a statute or an ordinance within the jurisdiction of a court to which these rules apply;" and *Rule* 8:11–1 providing that appeals from judgments of conviction "shall be taken in accordance with the Rules Governing Criminal Procedure" [*Rules, Part II*]. Thus we conclude that the review formerly provided by *R. S.* 2:215–7 was superseded by *Rule* 2:11 on September 15, 1948, the effective date of said rule, New Jersey Constitution, Article XI, Section I, paragraph 3.

■ ■ The review formerly available by *certiorari* was abolished by the Constitution and "in lieu thereof, review, hearing and relief shall be afforded in the Superior Court, on terms and in the manner provided by rules of the Supreme Court, as of right, except in criminal cases where such review shall be discretionary," Article VI, Section V, paragraph 4. In compliance with this constitutional mandate, the Supreme Court has provided for review of the class of cases exemplified by the instant case as well as in all other classes of criminal cases upon application to and at the discretion of the Appellate Division of the Superior Court under *Rule* 4:5. In the light of the appeal as of right to the County Court, with a trial *de novo,* granted to the defendant by *Rule* 2:11 and his further appeal as of right from the determination of the County Court to the Appellate Division of the Superior Court, *Rule* 2:11 (i), it is clear that the discretion of the Appellate Division to review a cause directly from the local criminal courts under *Rule* 4:5 is confined to extraordinary cases such as where the jurisdiction of the inferior court is questioned on persuasive grounds or where the complaint is palpably defective, *Cf. Ward v. Keenan,* 3 *N. J.* 298 (1949), and the com-

ment in the tentative draft of the rules respecting *Rule* 3:81–7, the counterpart of *Rule* 4:5 governing procedure in civil cases. The review of criminal cases by proceedings in lieu of a prerogative writ under *Rule* 4:5 is as much subject to the policy, if not the letter, of *Rule* 3:81–14 as is the review in civil mattters, where such review is had as of right. It is our conclusion, therefore, that review of judgments of conviction in the local criminal courts may be had only by way of appeal to the County Court, except in extraordinary cases "where it is manifest that the interests of justice require otherwise," when—and only when—review may be had directly by the Appellate Division of the Superior Court at its discretion. These principles are controlling as to all cases in which the judgments of conviction were entered on and after September 15, 1948, whether prior or subsequent to January 1, 1949.

Inasmuch as the case before us presents no ground for the granting of a discretionary review under *Rule* 4:5, the appeal herein is dismissed.

*For dismissal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*Opposed*—None.