8 N.J. Super. 194 (1950)
73 A.2d 726
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LESLIE E. SIMPKINS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 22, 1950.
Decided June 5, 1950.
*196 Before Judges JACOBS, DONGES and BIGELOW.
Mr. A.A. DePersia argued the cause for the appellant.
Mr. Benjamin Asbell argued the cause for the respondent (Mr. Mitchell H. Cohen, Prosecutor of Camden County, attorney).
The opinion of the court was delivered PER CURIAM.
This is an appeal from a judgment of the Camden County Court dismissing an appeal from the conviction of the defendant in the Municipal Court of Delaware Township.
On December 17, 1949, the defendant was arrested and a warrant was issued for operating a motor vehicle on that day on Route 38 and Cooperstown Road, Delaware Township, a public highway, while under the influence of intoxicating liquor. The defendant was released pending trial and December 29th was fixed as the date therefor. On December 29th formal complaint, charging the defendant with operating a motor vehicle on a public highway as aforestated while under the influence of intoxicating liquor, was signed and sworn to before the Magistrate. The defendant appeared at the trial with counsel, objected to the Court's jurisdiction on the ground that the warrant had preceded the complaint and refused to participate further. Nevertheless, testimony was taken, he was convicted and a fine was imposed. On January 28, 1950, he filed notice of appeal to the County Court. On the date fixed for hearing before the County Court, counsel for the State appeared prepared to proceed with trial de novo as contemplated in Rule 2:11(h). However, the defendant declined trial de novo and rested entirely upon the contention that the County Court should set aside the conviction on the record below on the ground that the Municipal Court lacked jurisdiction because the complaint did not precede the warrant. Thereupon, the County Court dismissed the appeal and reinstated the sentence imposed by the Municipal Court.
*197 The complaint was in conformity with Rule 8:3-1 and was sufficient to afford to the Municipal Court jurisdiction over the subject matter. See State v. Smith, 6 N.J. Super. 85, 89 (App. Div. 1949). The warrant, which under Rule 8:3-2 ordinarly follows the complaint, is designed to afford jurisdiction over the person and requirement therefor may be waived by action of the defendant. In the instant matter the defendant, with counsel, appeared before the Magistrate on the date fixed for trial, was fully acquainted with the charge set forth against him in the complaint, asserted no actual prejudice and sought no delay of the trial, rested his position on the alleged lack of jurisdiction, and upon conviction made application, by way of appeal (Rule 2:11(h)) for trial de novo before the County Court. We consider that, under the circumstances, the County Court properly dismissed his appeal when he thereafter rejected trial de novo and rested upon the contention that he was entitled to have the conviction set aside on the record before the Municipal Court.
Upon his conviction the defendant could either have sought direct review on the record below before the Appellate Division, by application for leave to appeal under Rule 4:5 and extraordinary showing within State v. Yaccarino, 3 N.J. 291 (1949), or could have appealed as of right to the County Court under Rule 2:11. He appealed under Rule 2:11 and thereby subjected himself to its terms including paragraph (h) which expressly sets forth that the appeal shall operate "as an application for a trial de novo without a jury in the Court to which the appeal is taken and the proceedings shall be taken stenographically." This comprehensive provision was designed to afford wide protection to the defendant by enabling a full and fair hearing in the County Court on the merits and unfettered generally by the record below. We find nothing in its purpose or terms to support the suggestion that it contemplated affording to the defendant the additional right thereafter to retrace his course by rejecting trial de novo and resting upon the procedural infirmity which had in no wise deprived him of his opportunity to be heard on the merits *198 of the sufficient charge presented or prejudiced his substantial rights. Cf. Board of Commissioners of the City of Newark v. Inlander, 7 N.J. Super. 192, 195 (App. Div. 1950); Rules 1:2-19, 1:2-20. But see State v. Des Lauries, 64 A.2d 481 (N.J. Cty. Ct. 1949), not officialy reported.
Because he misconceived his rights under the new Rules, the defendant has never actually had a trial on the merits before the County Court. We believe that he ought be afforded opportunity to apply to the County Court for vacation of the dismissal of his appeal and trial on the merits of the charge against him pursuant to Rule 2:11(h). See State v. Smith, supra. To that end the cause is remanded to the Camden County Court.