11 N.J. Super. 606 (1951)
78 A.2d 736
STATE OF NEW JERSEY, PLAINTIFF,
v.
WILLIAM NIMMO, 3RD, DEFENDANT.
Superior Court of New Jersey, Morris County Court Law Division.
Decided February 8, 1951.
Mr. John D. Collins, County Prosecutor, attorney for plaintiff.
Messrs. Camarata & Colonna, attorneys for defendant.
BARRETT, J.C.C.
This is an appeal from a conviction in the Magistrate's Court of the Borough of Riverdale on a charge of violating R.S. 39:4-50, driving automobile while under the influence of liquor.
The defendant did not take part in the proceedings before the magistrate except to move for a dismissal on the ground *607 that no warrant was issued for the purpose of bringing the defendant before the magistrate. It is agreed between the prosecutor and attorneys for the defendant, that this court should first rule upon the question of the jurisdiction of the magistrate to hear the matter, and that if the decision upholds the magistrate's jurisdiction, that then a date will be fixed for a trial de novo on the merits. This was on the theory that in the event that this court determines that the magistrate did not have jurisdiction, the whole matter would fall and there would be no need of proceeding on the merits of the case.
The defendant contends under Rule 8:10-1 that the complaint was not sufficient and proper as it did not comply with Rule 8:3-1. Evidently the defendant failed to take notice of the change in Rule 8:10-1 as amended on November 10, 1949. The amendment of this rule leaves out any reference to Rule 8:3-1.
The defendant also contends that the magistrate did not have jurisdiction because no warrant was issued for defendant's arrest as provided in R.S. 39:5-25. The cases referred to in defendant's brief were decided prior to the adoption of our present rules of court and prior to the decision in the case of Winberry v. Salisbury, 5 N.J. 240 (1950). On November 10, 1949, Rule 8:10-1 was amended to provide for a new "uniform traffic ticket" consisting of four parts, one of which was the summons. It is my opinion that, under the decision in the case of Winberry v. Salisbury, supra, the question at issue here is a matter of procedure and not of substantive law, and that under Rule 8:10-1 it was proper to serve a summons on the defendant and not a warrant. I have read the transcript of proceedings in the magistrate's court and am satisfied that the complaint was sufficient and the defendant was properly before the magistrate's court by the service of a summons rather than a warrant.
The parties may arrange for a date, if desired, for a trial de novo on the merits.