25 N.J. Super. 92 (1953)
95 A.2d 500
STATE OF NEW JERSEY, PLAINTIFF,
v.
WALTER F. LEE, DEFENDANT.
Superior Court of New Jersey, Essex County Court Law Division.
Decided March 2, 1953.
*93 Mr. Edward Gaulkin, attorney for the plaintiff.
Mr. James A. Palmieri, attorney for the defendant.
*94 SPEAKMAN, J.C.C.
On Sunday, October 19, 1952, the defendant Walter F. Lee was arrested without a warrant by a police officer in the Borough of West Caldwell for driving while under the influence of intoxicating liquor, taken to a doctor in West Caldwell for examination, and was then given a summons returnable October 29 charging him with "drunken driving" in violation of R.S. 39:4-50. The summons stated that the officer whose name appeared thereon would file a sworn complaint in the municipal court charging the defendant with the offense set forth therein. On Tuesday, October 21, the complaint was duly sworn to and filed. At the defendant's request the hearing was adjourned from October 29 to November 12, 1952. On the latter date, when the defendant failed to appear due to inadvertence on the part of his attorney, the magistrate adjourned the hearing to November 19, the next session of the court.
At the hearing on November 19, the defendant's counsel objected to the jurisdiction of the municipal court on the grounds: (a) defendant was arrested without a warrant, and (b) that the trial was not held within 30 days of the commission of the offense, which defendant's counsel claimed is required under R.S. 39:5-8. These objections to the jurisdiction of the court were overruled by the magistrate; the defendant refused to participate in the subsequent trial, and at the conclusion thereof the defendant was found guilty and was fined $200 and $23 costs and his license was suspended for two years.
On this appeal from the aforesaid conviction the sole ground urged for reversal is that the magistrate erred in overruling the defendant's objections to the jurisdiction of the municipal court.
The first objection that the defendant was arrested without a warrant and that the summons was issued before the complaint was actually verified is without merit. The summons was issued within 30 days of the commission of the offense as required by R.S. 39:5-3. See Kuchman v. Ingham, 23 N.J. Misc. 307 (Sup. Ct. 1945). It is in the exact form provided by the rules. Rule 8:10-1; see Criminal *95 Procedure Form 11 annexed thereto. It was in all respects proper and effective to require the defendant to appear at the time and place stated therein. This being a procedural matter, the rule supersedes any legislative enactment on the subject. Winberry v. Salisbury, 5 N.J. 240 (1950); State v. Nimmo, 11 N.J. Super. 606 (Cty. Ct. 1951). Even if the summons had been improperly issued the objection would not avail the defendant. This matter goes to the jurisdiction over the person and not to the jurisdiction of the municipal court over the subject matter, and the defendant having requested and obtained an adjournment of the hearing set for October 29, 1952, waived any defect in the form of the summons. See Murat v. Hutchinson, 16 N.J.L. 46 (Sup. Ct. 1837); Palmer v. Sanders, 51 N.J.L. 408 (Sup. Ct. 1889); accord, State v. Cottrell, 117 N.J.L. 226 (E. & A. 1936).
The other objection that under R.S. 39:5-8 the municipal court has no jurisdiction unless a hearing is held within 30 days of the commission of the offense where an arrest is made without a warrant, is likewise without merit. The pertinent part of the section relied upon follows:
"A hearing to be held pursuant to this subtitle shall, on the request of either party, or in the discretion of the magistrate, be adjourned for a period not exceeding thirty days from the return day named in a summons or warrant or from the date of an arrest without warrant, as the case may be. * * *."
A reading of this section shows clearly that it was the legislative intent that where a summons issued, irrespective of whether or not an arrest was made without a warrant, the magistrate may adjourn the hearing for a period not exceeding 30 days from the return day thereof. The return day of the summons herein was October 29, and the date of the hearing on November 19th was well within 30 days of the return date. See Duffie v. Lewis, 126 N.J.L. 431 (Sup. Ct. 1941). Even if it be conceded that it was the legislative intent that where an arrest was made without a warrant (even though a summons subsequently issued) the magistrate *96 should only grant an adjournment not to exceed 30 days from the commission of the offense, the objection fails because it is clear that this provision of the Motor Vehicle Act is directory and not jurisdictional. It would be a perversion of the legislative intent to deny to the magistrate the power to continue the trial after granting two adjournments to one charged with a violation of the Motor Vehicle Act  one at his own request and one because his attorney failed to notify him of the trial date. Such is not the law of New Jersey. Grobarz v. Slayton, 130 N.J.L. 597 (Sup. Ct. 1943), affirmed 131 N.J.L. 326 (E. & A. 1944).
Judgment is accordingly entered in this court that the defendant is guilty of driving an automobile while under the influence of intoxicating liquor on October 19, 1952 in violation of R.S. 39:4-50. Defendant is fined $200 and costs in the amount of $23, and his license to operate a motor vehicle in this State is revoked for a period of two years. No costs in this court.