25 N.J. Super. 201 (1953)
95 A.2d 755
STATE OF NEW JERSEY, (JAMES VIGILANTE), PLAINTIFF-RESPONDENT,
v.
LOUIS M. AHRENS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 9, 1953.
Decided March 20, 1953.
*203 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. John D. Collins argued the cause for the plaintiff-respondent.
Mr. Frederick Stoddard argued the cause for the defendant-appellant (Messrs. Stoddard & Stoddard, attorneys).
*204 The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The defendant Louis M. Ahrens appeals from the judgment of conviction for operating an automobile while under the influence of intoxicating liquor in violation of the provisions of R.S. 39:4-50.
On August 7, 1952 the defendant was arrested without a warrant by a Morristown police officer, incarcerated in the municipal jail, examined by the police surgeon and charged with the aforementioned offense. Approximately 30 minutes after defendant's arrest he was given a traffic ticket summons in the form prescribed by Rule 8:10-1. The defendant remained in jail overnight and was released the following morning, when he posted bail.
The return day fixed by the summons was August 14, 1952. Adjournments from August 14 to the 21st and then again from the 21st to September 4, were granted at defendant's instance. On the application of the complainant, the hearing was adjourned to September 10. At that time the defendant unsuccessfully moved for dismissal on three grounds, viz.: (1) that no complaint against the defendant had been taken; (2) that no warrant for the defendant's arrest had been issued; and (3) that the court had no jurisdiction because it had adjourned the case beyond 30 days from the date of the arrest without warrant. Thereupon defendant declined to plead, defend or participate in the hearing.
It is the defendant's contention that having been arrested without a warrant, the subsequent issuance of the summons was superfluous and inefficacious; that if written process were to follow by virtue of R.S. 39:5-25, it must be by warrant; that under the statute, methods of apprehension and charge are in the alternative; i.e., arrest, with or without a warrant, or by summons and complaint; that R.S. 39:5-8 imposes a statutory limitation of 30 days following arrest, or return day of the summons or warrant, within which a hearing must be held, else the magistrate loses jurisdiction to hear the matter; that the hearing not having *205 been held within 30 days of the date of arrest, the magistrate was without jurisdiction to hear and determine the matter.
The pertinent part of R.S. 39:5-8 provides:
"A hearing to be held pursuant to this subtitle shall, on the request of either party, or in the discretion of the magistrate, be adjourned for a period not exceeding thirty days from the return day named in a summons or warrant or from the date of an arrest without warrant, as the case may be. * * *"
The primary purpose of this provision is to assure a reasonably prompt disposition of the complaint in the public interest and afford the accused the means of a fair trial. Grobarz v. Slayton, 130 N.J.L. 597 (Sup. Ct. 1943), affirmed 131 N.J.L. 326 (E. & A. 1944).
The defendant argues that R.S. 39:5-25, as amended, L. 1940, c. 139, p. 303, sec. 1, is controlling here.
It provides, inter alia:
"Any constable, police officer, peace officer, motor vehicle inspector or the commissioner may, without a warrant, arrest any person violating in his presence any provision of chapter three of this Title (39:3-1 et seq.), * * *. If the arrest is for a violation of section 39:4-50 of this Title, the arresting officer may, if no magistrate, clerk or deputy clerk is available, detain the person arrested either in any police station, lockup or other place maintained by any municipality for the detention of offenders or in the common jail of the county, for such reasonable time as will permit the arresting officer to obtain a warrant for the offender's further detention, which temporary detention shall not exceed twenty-four hours from the time of the arrest. * * *"
But, consideration must be given to Rule 8:4-1 (a), which provides:
"An officer making an arrest under a warrant issued upon a complaint shall take the arrested person, without unnecessary delay, before the court or magistrate named in the warrant. A person making an arrest without a warrant shall take the arrested person, without unnecessary delay, before the nearest available magistrate and a complaint shall be made forthwith and a warrant issued thereon."
We think this is clearly intended to supersede the foregoing quoted provision of R.S. 39:5-25.
*206 The record before us indicates that the police officer detained the defendant for sufficient time to allow the police surgeon to make an examination to determine whether the defendant was under the influence of intoxicating liquor. The police surgeon having concluded that question in the affirmative, the police officer thereupon made a complaint against defendant and furnished him with a summons and a copy of the complaint in the form prescribed by Rule 8:10-1. The defendant, in his brief, states that he had "a summons for his pillow as he slept in jail through the night." It appears that upon posting security for his appearance, the defendant was immediately released.
Under the cases of Winberry v. Salisbury, 5 N.J. 240 (1950), and In re Pfizer's Estate, 6 N.J. 233 (1951), an inconsistency that may appear in matters of procedure between the provisions of the statutes and the rule promulgated by the Supreme Court is resolved in favor of the supremacy of the court rules. It is stated in Town of Montclair v. Stanoyevich, 6 N.J. 479, 493 (1951):
"The statute transferred (sec. 31) all causes pending in the local police, magistrates' and recorders' courts to the municipal court. It abolished (sec. 37) the office of justice of the peace and the small cause courts. (Cf. State v. Yaccarino, 3 N.J. 291 (1949)). It provided (sec. 30) that `the practice and procedure of the said municipal courts shall be substantially as provided by sections 2:220-32 to 2:220-55, both inclusive, of the Revised Statutes, subject to such rules as the Supreme Court shall promulgate and make applicable to the municipal courts which rules shall supersede (so far as they conflict with) statutory and common law regulations theretofore existing.'"
Unquestionably, the municipal court has jurisdiction to hear matters concerning the violation of the motor vehicle and traffic laws occurring within the territorial jurisdiction of that court. N.J.S. 2A:8-21.
The practice and procedure in the municipal court is governed by the rules promulgated by the Supreme Court (Rule 8:1-1). Under these rules it is provided that "(a) In cases involving violations of statutes or ordinances relating to the operation or use of motor vehicles, hereinafter designated *207 as `traffic offenses,' the complaint and summons shall be in the form set out in Criminal Procedure Form No. 11, the `Uniform Traffic Ticket'" and it is further provided that "The Complaint form shall be used in traffic cases, whether the complaint is made by a police or peace officer, or by any other person." (Rule 8:10-1.) Rule 8:1-3, "Definitions," provides, inter alia:
"`Offense' shall mean any violation of a statute or an ordinance within the jurisdiction of a court to which these rules apply, or with respect to which a magistrate is authorized by law to conduct a preliminary examination of the person accused of crime."
Rule 8:3-2 (b) provides:
"In the case of indictable offenses other than high misdemeanors and in instances of non-indictable offenses, if it appears from the complaint that there is probable cause to believe that an offense has been committed and that the defendant has committed it, if the defendant is a corporation a summons shall issue. If the defendant is an individual the magistrate may, in his discretion, issue either a summons or a warrant. * * *" (Emphasis ours.)
Rule 8:3-2 (b) provides that in matters other than indictable offenses a summons or warrant may issue in the discretion of the magistrate taking the complaint. Rule 8:3-3(a) and (b) provides that a warrant or summons shall be signed by the committing magistrate or tested in his name and signed by a person empowered by law to take complaints.
On the reverse side of the "Uniform Traffic Ticket" prescribed by Rule 8:10-1, and approved by the Supreme Court, there appears the following inscription:
 "READ CAREFULLY
 If you are charged with any offense OTHER than
 | * * * * * *
 | * * * * * *
Court only can | Operation of motor vehicle while under the influence
hear these *208 the defendant may, within a specified time appear, enter a plea and waiver and pay the fine to the violations bureau. The revised form of summons and complaint in motor vehicle violations as amended, effective January 1, 1953, contains a similar provision.
We conclude that it is the intent of the rules governing procedure in the municipal court, that the magistrate or one authorized to take complaints may issue either a summons or warrant to bring before the magistrate one charged with a violation of R.S. 39:4-50. Rule 8:3-2 (b) and Rule 8:3-3(a) and (b) supra. In State v. Nimmo, 11 N.J. Super. 606 (Cty. Ct. 1951), it is stated, at p. 607:
"The defendant also contends that the magistrate did not have jurisdiction because no warrant was issued for defendant's arrest as provided in R.S. 39:5-25. The cases referred to in defendant's brief were decided prior to the adoption of our present rules of court and prior to the decision in the case of Winberry v. Salisbury, 5 N.J. 240 (1950). * * *"
We consider now the question as to whether the magistrate lost jurisdiction over the matter sub judice merely on the ground, as asserted by the appellant, that the adjournments took the matter beyond the 30-day limitation provided for in R.S. 39:5-8, supra. Under the former practice it was not unknown for a practitioner to maneuver and accomplish adjournments of matters involving violations of R.S. 39:4-50 for periods in excess of the aforementioned 30-day limitation and thus thwart an attempt at punishment therefor. It may well be that the Supreme Court was aware of such cases where justice had been thwarted and, therefore, was prompted to adopt Rule 8:4-3, which provides:
"Upon the return day of a warrant or summons, the magistrate may adjourn the hearing for a period not to exceed 10 days. Further adjournment shall be granted only when in the opinion of the magistrate postponement of the hearing is reasonably necessary. In contested matters the court, on granting an adjournment, shall specify a trial date. * * *"
*209 In our opinion, R.S. 39:5-8 has now been superseded by Rule 8:4-3. Montclair v. Stanoyevich, supra. It is obvious that if the spirit and intent of Rule 8:4-3 is complied with, a trial for "drunken driving" will be expeditiously tried and disposed of and if, for compelling reasons, adjournments are necessary, the court will not thereby be deprived of jurisdiction.
The record indicates that leave was granted to appeal defendant's conviction in the municipal court directly to this court. We wish to note, however, that Rules 2:11 and 8:11, supersede former provisions for review of conviction in the appellate courts and provide for review of these matters by appeal to the County Court of the county in which the municipal court is located. State v. Yaccarino, 3 N.J. 291 (1949); State v. Smith, 6 N.J. Super. 85 (App. Div. 1949). In Hill v. Borough of Collingswood, 9 N.J. 369, 378 (1952), it is said:
"* * * Rule 8:11-1 directs that appeals from `judgments of conviction' be taken in accordance with the rules governing criminal practice. Rule 2:11 (a) ordains that the `only method' of reviewing a judgment of conviction in an inferior court of limited criminal jurisdiction, other than a criminal district court, shall be by appeal taken to the County Court, unless the judge of the inferior court is also the county judge, in which case the appeal shall be taken to the Law Division of the Superior Court. * * *"
The only other way to secure a review of a criminal proceeding in a municipal court is by application to and at the discretion of the Appellate Division of the Superior Court for leave to appeal pursuant to Rule 4:5, which "is confined to extraordinary cases such as where the jurisdiction of the inferior court is questioned on persuasive grounds or where the complaint is palpably defective." State v. Yaccarino, supra, at p. 296. Cf. Bd. of Health, Weehawken Twp. v. N.Y. Central R. Co., 10 N.J. 294 (1952).
The matter of the form of process is, in our opinion, a procedural and not a substantive one and is governed by the provisions of R. 8:10-1 et seq., and supersedes the procedures set forth hereinabove under R.S. 39:5-25. Under *210 the cases of Winberry v. Salisbury, supra, and In re Pfizer's Estate, supra, the procedure is clearly controlled by the rule-making power of the Supreme Court.
Under the circumstances prevailing here, the magistrate did not lose his jurisdiction to hear and determine the charges against the defendant.
The judgment is affirmed.