38 N.J. Super. 581 (1956)
120 A.2d 125
STATE OF NEW JERSEY (WOODBRIDGE TOWNSHIP), PLAINTIFF-RESPONDENT,
v.
BOLESLAR A. BIERILO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 23, 1956.
Decided January 26, 1956.
*582 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. John S. Bender argued the cause for appellant (Mr. Jay F. Dailey, attorney; Messrs. Turek & Bender, of counsel).
Mr. Morris Margaretten, Assistant Prosecutor, argued the cause for respondent (Mr. Alex Eber, Middlesex County Prosecutor, attorney; Mr. John B. Molineux, First Assistant Prosecutor, of counsel).
The opinion of the court was delivered by JAYNE, J.A.D.
The statement in lieu of record informs us that a complaint was made in the Municipal Court of the Township of Woodbridge, Middlesex County, charging this defendant with having operated a motor vehicle while under the influence of intoxicating liquor in violation of N.J.S.A. 39:4-50. A writing characterized as a summons, a true and complete copy of which is omitted from the record before us, designating the time, namely the hour, and place of the hearing under the heading "Court Appearance" seems to have been served on the defendant.
The defendant applied to the court for ad interim release from custody on bail, and the application was granted and the bail supplied. Thereafter the defendant requested and obtained from the court one or perhaps more continuances of the hearing to a date subsequent to that designated in the so-called summons.
At the hearing the attorney for the defendant addressed a motion to the magistrate for a dismissal of the proceedings in that the form conspicuously entitled "Summons" obviously was not composed in precise conformity with the local criminal *583 court form prescribed by R.R. 8:10-1 in that it did not lead off with the words "You are hereby summoned to appear personally before the court to answer for the following offense." Notably the criticism was directed at the informality of the summons only.
The magistrate denied the motion, and the hearing proceeded in which the attorney for the defendant cross-examined the witnesses produced to sustain the allegations of the complaint. The magistrate resolved that the defendant was guilty as charged.
We were informed at the argument that the defendant then appealed in the usual manner comprehending a plenary trial de novo on the merits from his conviction to the County Court and apparently before trial there reasserted his insistence that the municipal court was without jurisdiction to hear the complaint by reason of the patent deficiency in the literal composition of the summons. The judge of the County Court in pursuance of the general appeal in that court likewise rejected that contention.
Whether a conformable order was entered and whether a trial de novo was thereafter afforded the defendant resulting in a judgment of conviction are matters concerning which the present appellate record is silent.
However, it may be promptly stated that the ruling in the County Court was entirely proper. Basically, counsel for the appellant has neglected to recognize the distinction between jurisdiction of the subject matter and jurisdiction of the person. Cf. State v. Hunter, 12 N.J. Super. 128 (App. Div. 1951); State v. Baumgartner, 21 N.J. Super. 348, 351 (App. Div. 1952); State v. Lee, 25 N.J. Super. 92, 95 (Co. Ct. 1953).
Here, the municipal court assuredly had general jurisdiction of the subject matter of the complaint. In that court the defendant appeared and obtained adjournments of the trial, and at the trial his attorney indulged in the cross-examination of the witnesses against him.
We are aware that it might have been argued that such decisions as in Murat v. Hutchinson, 16 N.J.L. 46 (Sup. *584 Ct. 1837); Palmer v. Sanders, 51 N.J.L. 408 (Sup. Ct. 1889); State v. Cottrell, 117 N.J.L. 226 (E. & A. 1936), are distinguishable in the circumstance that in the instant case the attorney for the accused projected the objection to the jurisdiction of the municipal court before his participation in the trial and not after its conclusion. However, here the summons despite its unconventional phraseology actually fulfilled its purpose in apprising the defendant of the time and place of the hearing, the adjournments of which were made at his request. After all, the fundamental function of a summons is to notify a party to appear in court to answer a complaint made against him on a day therein mentioned. 3 Blackstone Com. 279. In the circumstances the respect in which the defendant suffered any prejudice is imperceptible. It must be appreciated that the approved and adopted forms are intended to secure simplicity and uniformity in procedure in penal proceedings and the elimination of delay therein, rather than to spawn another family of technicalities. R.R. 8:1-2.
And then, moreover, the defendant chose to invoke the appellate jurisdiction of the County Court. R.R. 3:10-10(b) declares that the appeal shall operate as a waiver of all defects in the record, "including any defect in, or the absence of any process."
The ruling of the County Court with the accordant order, if any, to which the present appeal relates is affirmed, with directions that the appeal in the County Court, if not heretofore concluded, be heard and determined.