54 N.J. Super. 46 (1959)
148 A.2d 82
CITY OF ASBURY PARK, PLAINTIFF-RESPONDENT,
v.
HARRY L. SHURE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Monmouth County Court, Law Division (Criminal).
Decided January 28, 1959.
*47 Mr. Ascenzio R. Albarelli, attorney for plaintiff-respondent.
Mr. Harry L. Shure, attorney pro se.
*48 MARIANO, J.S.C. (temporarily assigned).
Defendant was convicted of a traffic offense in the Municipal Court of the City of Asbury Park and appeals to this court.
Part of the following statement of facts have been stipulated by the parties and the balance testified to in open court.
On August 15, 1958 Special Police Officer Florence Bryant testified that she placed an official "uniform traffic ticket" under the windshield wiper of the defendant's motor vehicle for an alleged violation of the city's parking meter ordinance. Defendant admitted ownership of the vehicle involved and to parking overtime contrary to the provisions of said ordinance. He also accepts as a fact the testimony of Special Police Officer Bryant in regard to placing the ticket under the windshield wiper. Defendant further stated that upon his return to his motor vehicle he did not find nor notice the ticket under the wiper. Under the circumstances defendant did not respond to the ticket. He admits that on or about October 12, 1958 he received the following, which is Exhibit S-4 in evidence:

"(Defendant's Copy)

MUNICIPAL COURT

THE CITY OF ASBURY PARK, COUNTY OF MONMOUTH

Police Headquarters, Asbury Park, N.J.

Date: 10-12-58
 TO Harry Shurf Docket No.
 1801 Sunset Ave.
 A.P. Summons No. 61049
 Driver's License
 ___________________________
 (No. and State)
 Vehicle Registration
 MO 69 NJ
 ___________________________
 (No. and State)
The records of this court indicate that Sp. Off. Bryant filed a complaint charging you with overtime parking on 8-15-58 at Railroad Ave. and that Summons (Number indicated above) was issued for your appearance in this Court on 8-28-58. Since you failed to appear in Court and have not paid the prescribed fine,
YOU ARE ORDERED to appear in this Court on Oct. 30, 1958 at 7:00 P.M. if you wish to plead not guilty OR if you wish to *49 plead guilty, to pay the prescribed fine of $5.00 AND Costs of $ ____, a TOTAL of $5.00 before said date by mail or in person (you must sign the back of the summons and return summons with your payment).
RESIDENTS OF NEW JERSEY  A warrant will issue for your arrest if you fail to appear in court or pay the prescribed fine and costs. Moreover you may be subject to contempt of court and additional penalties and possible revocation of your driving privilege by the Director of the Division of Motor Vehicles.
NON-RESIDENT MOTORISTS  If you fail to appear in court or pay the prescribed fine and costs your driving privilege in New Jersey may be revoked and your own Commissioner of Motor Vehicles requested to take action against you and a warrant may be issued for your arrest should you be found in this State.
 BY ORDER OF THE MAGISTRATE
 E.C.
 ___________________________________________
 (Magistrate  Court Clerk)
 Office Hours: 9:00 A.M. - 4:00 P.M.
 Telephone: ______________________________
(Please return this Notice and your Summons when making payment. A receipt will be sent to you only if your payment is accompanied by a self-addressed stamped envelope.)"
Pursuant to the above, defendant appeared at the time and place set and challenged the jurisdiction over his person. The lower court denied his motion and the matter proceeded without the defendant participating in the trial. He was found guilty and a very nominal fine was imposed.
It is admitted that the defendant is a resident of the State of New Jersey and that no stenographic report of the proceedings in the court below was made.
Appellant's sole contention is that the municipal court lacked jurisdiction over the subject matter because of the lack of personal service upon him of the official uniform traffic ticket. He also urges that this court is without jurisdiction for the same reason.
Proceedings in municipal courts for the violation of ordinances are to be governed by rules governing practice in the local criminal courts, R.R. 8:1 et seq., and appeals therein are to be governed by rules governing criminal practice, R.R. 3:1 et seq., particularly the rule relating expressly *50 to reviews of judgments in appeals from inferior courts of limited criminal jurisdiction, R.R. 3:10. City of Newark v. Pulverman, 12 N.J. 105 (1953).
The City of Asbury Park argues to the effect that any defect in the service of the traffic ticket was waived when the appellant appealed to this court as a consequence of R.R. 3:10-10(b), which reads:
"The appeal shall operate as a waiver of all defects in the record, including any defect in, or the absence of any process or charge laid in the complaint, and as a consent that the court may, during or before the hearing of the appeal, amend the complaint by making the charge more specific, definite or certain, or in any other manner, including the substitution of any charge growing out of the act or acts complained of or the surrounding circumstances, of which the tribunal from whose judgment or sentence the appeal is taken had jurisdiction."
When the defendant chose to invoke the appellate jurisdiction of the County Court he became subject to the provisions of R.R. 3:10-10(b), supra, which declares that an appeal shall act as a waiver of all defects in the record "including any defect in, or the absence of any process." See State v. Bierilo, 38 N.J. Super. 581 (App. Div. 1956). Moreover, defendant's notice of appeal constituted an application for a plenary trial de novo before the County Court, and the appellant had no right to piece-meal review of the lower court's action. If the appellant fails to avail himself of a full trial, the appeal can be dismissed. State v. Menke, 25 N.J. 66 (1957).
It is the universal rule of law that parties cannot by consent give a court as such jurisdiction of subject matter of which it would otherwise not have. Jurisdiction in this sense is prescribed by law and cannot be obtained by consent, waiver or estoppel, or in any other manner. Jurisdiction of subject matter is beyond the procedural realm and rests exclusively on common law, or statute, or Constitution, including any case where the Constitution expressly delegates to the Supreme Court the power to fix jurisdiction over subject matter by court rule, as in Article VI, Section III, paragraph 3, New Jersey Constitution, 1947.
*51 On the other hand, jurisdiction of a person can be acquired by consent or waiver. Our Supreme Court, by Article VI, Section II, paragraph 3 of the (Constitution of 1947, not only gives the Supreme Court rule-making power but also imposes upon said court an active responsibility for making such rules governing practice and procedure in all courts of our State. Pursuant thereto R.R. 3:10-10(b), supra, has been adopted, which provides for waiver by the defendant of defects in the record or the absence of any process when an appeal from his conviction is taken to the County Court. Judgment of this court could very well rest on the question of waiver, but it feels that consideration should also be given to R.R. 8:10-3(a), which states:
"* * * Where a defendant residing in this State fails to appear or answer a traffic ticket or summons duly served on him, the court shall either issue a warrant for his arrest or mail a notice to him on a form approved by the Administrative Director of the Courts. * * *"
Appellant having failed to appear or answer the traffic ticket, the proper municipal official mailed S-4, receipt of which was acknowledged. S-4 can be rightfully and properly termed a summons despite its unconventional phraseology. It fulfills its purpose in apprising the defendant of the time and place of the hearing and the charge made, with sufficient time to engage an attorney and to prepare his defense, if any. The fundamental function of a summons is to notify a party to appear in court to answer a complaint made against him on the day therein mentioned. When appellant appeared in the municipal court he surely knew the reason why he had been summoned. The circumstances surrounding the entire matter, including his not seeing the ticket under his windshield wiper, indicates that any prejudice suffered by him is imperceptible. In fact, R.R. 8:3-2(4)(d)(1) provides that no person appearing in response to a summons shall be discharged from custody or dismissed because of any informality in the summons, but the summons may be amended so as to remedy any *52 such informality. As a matter of fact Judge Jayne, in State v. Bierilo, supra, aptly stated:
"It must be appreciated that the approved and adopted forms are intended to secure simplicity and uniformity in procedure in penal proceedings and the elimination of delay therein, rather than to spawn another family of technicalities. R.R. 8:1-2."
The requirement of procedural due process is met, for any procedural infirmity existing has in no wise deprived defendant to be heard on the merits of the charge presented, or prejudiced his substantial rights.
In State v. Ahrens, 25 N.J. Super. 201 (App. Div. 1953), the court stated:
"The matter of the form of criminal process is procedural, not a substantive, question and is governed by the Supreme Court Rules."
See also Winberry v. Salisbury, 5 N.J. 240 (1950).
In State v. Simpkins, 8 N.J. Super. 194, 197 (App. Div. 1950), it was held that the warrant which, under R.R. 8:3-2, ordinarily follows the complaint, is designed to afford jurisdiction over the person and requirement thereof may be waived by action of the defendant. The Appellate Division stated that where a defendant appeared before a magistrate on the date fixed for trial, was fully acquainted with the charge and rested his position on the alleged lack of jurisdiction, and upon conviction appealed to County Court where he rested upon the contention that he was entitled to have the conviction set aside on the record before the municipal court, his appeal was properly dismissed by the County Court.
There are many cases in our State which hold that a reversal will not be entered upon procedural infirmity which had in no wise deprived an accused of his opportunity to be heard on the merits of the sufficient charge presented, or prejudiced his substantial right. See State v. Hunter, 12 N.J. Super. 128 (App. Div. 1951); State v. Lee, 25 N.J. Super. 92, 95 (Cty. Ct. 1953); State v. Ahrens, supra; *53 State v. Bigley Bros., Inc., 53 N.J. Super. 264 (App. Div. 1958); State v. Vreeland, 53 N.J. Super. 169 (App. Div. 1958).
A finding of not guilty or a reversal on the ground here urged would seem to me to "exalt technical and literal strictness to the sacrifice of essential justice." Mr. Justice Heher, dissenting in Grosky v. McGovern, 133 N.J.L. 277, 283 (Sup. Ct. 1945). See also State v. Lefante, 12 N.J. 505, 510 (1953); State v. Vreeland, supra.
Having in mind the spirit as well as the letter of both the trial de novo and waiver contained in R.R. 3:10-10(a) and (b), and the many adjudicated cases of our Appellate Division of the Superior Court against reliance in the County Court upon procedural infirmity which had in no wise deprived defendant of his opportunity to be heard on the merits of the sufficient charge presented, or prejudiced his substantial rights, and that the proof established the guilt of the defendant beyond a reasonable doubt, this court finds the defendant guilty of having parked overtime contrary to the provisions of the ordinance, and imposes a fine of $2, which has been paid, and no costs.