672 A.2d 1315

STATE OF NEW JERSEY, PLAINTIFF, v.
MARK KRIVOSHIK, DEFENDANT.

Superior Court of New Jersey
Chancery Division Family Part
Monmouth County

Decided November 27, 1995.

*John Kaye,* Monmouth County Prosecutor, for plaintiff (*Gary McLean,* Assistant Prosecutor, of counsel).

*Richard Reich,* for Karen Schleehauf.

*Scott Thompson,* for defendant, (*Wilbert & Montenegro,* attorneys).

O'HAGAN, J.S.C.

Defendant, Mark Krivoshik, charged with contempt, *N.J.S.A.* 2C:29–9b, and harassment, *N.J.S.A.* 2C:33–4, maintains the Neptune Township Municipal Court Clerk violated his rights in the issuance of a warrant rather than a summons. A warrant requires arrest, *see R.* 3:3–1 and *R.* 3:3–3, while a summons does not. *State of New Jersey v. Bierilo* 38 *N.J.Super.* 581, 584, 120 *A.2d* 125 (App.Div.1956). Complainant, Karen Schleehauf, wife of defendant, joined by the office of the Monmouth County Prosecutor, contends that a warrant must be issued in cases where underlying charges of domestic violence are involved.

The charges made against defendant arise from telephone calls he made to complainant. For reasons hereafter stated, the court finds the clerk erred and that a summons, rather than a warrant, should properly have been utilized in this case.

The complaint, signed by Karen Schleehauf, in its pertinent parts, states defendant did "purposely or knowingly violate … an order … by calling the complainant. …" The complaint makes reference to a final restraining order issued by the Superior Court, Monmouth County on February 5, 1995, in favor of complainant and against defendant, Mark Krivoshik. That order

prohibited defendant from having any oral, written, personal or other form of contact or communication with his wife, Karen Schleehauf. Defendant was, however, permitted to have telephone contact with his daughter, Alexis, age 4, at 8:00 a.m. on Monday, Tuesday and Thursday of each week. The police report, introduced into evidence, in its narrative portion stated that defendant called complainant on Sunday, July 30, 1995, at 2:00 p.m. complaining that he did not like the visitation arrangements involving their daughter and believed them to be unfair. The narrative goes on to state defendant had called in the week of July 10, 1995, to July 17, 1995, and left messages on complainant's answering machine. The contents of such messages were not set forth. Ms. Schleehauf spoke with and was questioned by the Neptune Township Police, who significantly referred her to the court clerk to initiate the complaint procedure herself.

Defendant and complainant have submitted certifications describing their version of the factual context in which the calls were made. In such certifications, both have attributed to the other base motives and lack of good faith. In the resolution of this issue, the court should not and will not consider the "facts" alleged in the certifications, but does note that no one contends that facts, other than as alleged in the complaint, were brought to the attention of the Neptune Township Court Clerk. For purposes of resolving this dispute at this stage, it must be assumed that the facts as related in the complaint are accurate. Since the governing court rule, as will be later specified, allows the clerk to consider only the complaint and sworn statement, no facts outside the four corners of the complaint have any relevance in the resolution of this matter at this stage. As earlier stated, the police report was introduced in evidence. The police report reiterates complainant's statements in the complaint but makes no reference to threats of violence by defendant, but rather merely describes the telephone calls in which defendant complained the visitation arrangements with his daughter were unfair.

Analysis starts with *R.* 3:3–1, which provides a court clerk has authority to issue either a summons or arrest warrant if it appears to the clerk from the complaint or from a sworn statement that probable cause exists to believe an offense has been committed and defendant committed it. The clerk is to issue a summons rather than a warrant unless it is determined that one or more of certain conditions enumerated in six separate paragraphs exist. Only the paragraph numbered three has any possible application here. That paragraph provides a warrant should issue if the clerk (or judge) has reason to believe that the accused is dangerous to himself, to others, or to property.

The prosecutor contends, since the final restraining order was issued in the context of a domestic violence complaint, the clerk had the authority to issue a warrant. In that connection, reference is made to the order granting the final restraining order on February 5, 1995, which in the preprinted standardized form states in part "the court . . . having found good cause to believe that plaintiff's life, health and well-being have been and are endangered by defendant's act(s) of violence." This language, in and of itself, does not furnish a basis for the clerk's issuance of a warrant. The tenor of the prosecution's argument shared by the complainant is to the effect that a warrant must always be used in lieu of a summons in cases involving underlying charges of domestic violence.

■ There can be no question that domestic violence is a most serious problem in our society. *Corrente v. Corrente,* 281 *N.J.Super.* 243, 247, 657 *A.*2d 440 (App.Div.1995). For that reason the Legislature sought to assure victims of domestic violence the maximum protection from abuse the law can provide. *N.J.S.A.* 2C:25–17 to 33. The Legislature found that existing laws did not provide sufficient protection to victims of domestic violence, many of whom experienced substantial difficulties in gaining access to protection from the judicial system. *See Peranio v. Peranio,* 280 *N.J.Super.* 47, 53, 654 *A.*2d 495 (App.Div.1995). Consequently, the Legislature encouraged the broad application of the remedies

available under this act in the courts of the State of New Jersey. *N.J.S.A.* 2C:25–18. Without question, the rights of victims must be vigorously protected. *Corrente v. Corrente, supra,* 281 *N.J.Super.* at 247, 657 *A.*2d 440.

Defendants, on the other hand, are entitled to have their constitutional rights upheld. *See State v. Gonzalez,* 114 *N.J.* 592, 598–99, 556 *A.*2d 323 (finding a warrant may issue only on probable cause). *U.S. Const.* amend. IV; *N.J. Const.* art. 1, ¶ 7; *State v. Bruzzese,* 94 *N.J.* 210, 228–29, 463 *A.*2d 320 (1983), *cert. den.* 465 *U.S.* 1030, 104 *S.Ct.* 1295, 79 *L.Ed.*2d 695 (1984). Defendants, including those charged with acts of domestic violence, must be treated with an even hand by the justice system. *Peranio v. Peranio, supra,* 280 *N.J.Super.* at 54, 654 *A.*2d 495; *Murray v. Murray,* 267 *N.J.Super.* 406, 409 n. 2, 631 *A.*2d 984 (App.Div. 1993). A mere charge of contempt of a final restraining order does not mitigate the clerk's obligation to follow the requirements of law. *State v. Ross,* 189 *N.J.Super.* 67, 72–74, 458 *A.*2d 1299 (App.Div.1983).

In order for a warrant to issue, the complaint itself must establish a reasonable basis to conclude defendant is dangerous, whether to himself, others or property. Nothing in the complaint presented to the clerk even remotely establishes such danger. It must be remembered that charges of domestic violence can run the gamut, pursuant to the statute, *N.J.S.A.* 2C:25–19, from the most violent of crimes to petty disorderly charges of harassment under *N.J.S.A.* 2C:33–4. Harassment may involve merely communications made anonymously or at extremely inconvenient hours, or in offensively coarse language, or in any other manner likely to cause annoyance. The latter conduct certainly does not pose an immediate threat of direct injury to the victim or anyone else.

The prosecutor's argument to the effect that the mere existence of an underlying charge of domestic violence calls for the issuance of a warrant, rather than a summons, is rejected. To the contrary, the clerk may not issue a warrant unless the allegations set forth in the complaint lead reasonably and fairly to the conclusion that defendant is dangerous, as noted in the court rules. If the

State's position were carried to its logical conclusion, those persons convicted in years past of serious charges involving violence or threats of violence would always be subject to warrant upon a criminal complaint being filed, without regard to the nature of the new charges.

Karen Schleehauf argues that the Prevention of Domestic Violence Act of 1991, *N.J.S.A.* 2C:25–17 to 33, mandates use of a warrant when the police bring charges against a defendant suspected of acts of domestic violence. There is no question that the police do, in fact, have the authority to arrest persons charged with domestic violence even without a warrant. *N.J.S.A.* 2C:25–31. However, the provisions of *N.J.S.A.* 2C:25–32 control in this instance, as clearly the police officers who questioned the complainant determined that there was not sufficient probable cause to arrest defendant. It was for that significant reason the complainant was referred to the court clerk.

Thus, the Neptune Municipal Court Clerk is directed to issue a summons so that charges against defendant Mark Krivoshik may be processed. The warrant previously issued is void and of no force or effect.